**Roy E. RAND, Jr., Petitioner-Appellant,**

**v.**

**Harold R. SWENSON, Respondent-Appellee.**

**Roy E. RAND, Jr., Petitioner-Appellee,**

**v.**

**Harold R. SWENSON, Respondent-Appellant.**

**Nos. 73-1862, 73-1915.**

United States Court of Appeals, Eighth Circuit.

Submitted April 18, 1974.

Decided May 2, 1974.

John J. Hennelly, Jr., St. Louis, Mo., for appellant.

Neil MacFarlane, Asst. Atty. Gen., Jefferson City, Mo., for appellee.

Before MATTHES, Senior Circuit Judge, ROSS, Circuit Judge, and VAN PELT,* Senior District Judge.

PER CURIAM.

These two appeals which were combined for argument and decision represent an appeal by the Warden, Swenson, and a cross-appeal by the Petitioner, Rand, from an order of the District Court for the Eastern District of

---

* ROBERT VAN PELT, Senior District Judge, District of Nebraska, sitting by designation.

1. Rand v. Swenson, 365 F.Supp. 1294 (E.D. Mo.1973). James H. Meredith, Chief Judge.

Missouri[1] in an action begun under 28 U.S.C. § 2254. The Warden appeals the granting of a new trial to the petitioner, who is an inmate of the Missouri State Penitentiary, and Rand appeals from that part of the order which denied him relief as to three other claimed constitutional violations.

We affirm the order granting the new trial.

Rand concedes if the order granting the new trial is affirmed that a decision is unnecessary on the matters raised in his cross-appeal. Thus the mandate to be issued will affirm both appeals.

These appeals arise by reason of Rand's conviction for second degree murder in Missouri. He was sentenced to 25 years in prison. The conviction was affirmed by the Court of Appeals, St. Louis District.[2]

After exhausting his state remedies, he brought this action under 28 U.S.C. § 2254 alleging that his constitutional rights were violated in that: 1) he was denied a psychiatric examination or hearing on the question of his competency to stand trial; 2) evidence concerning a prior shooting incident was erroneously admitted; 3) his examination of state's witnesses was unduly restricted; and 4) the court prejudicially communicated with the jury after they had reached a verdict of guilty and before the verdict was read in open court. Relief was granted as to the first claim and a new trial ordered. The district judge found the other contentions insufficient for habeas corpus relief.

The facts surrounding the offense are well summarized in Judge Meredith's opinion and need not be repeated here. The basic issue on appeal is whether there was sufficient evidence before the state court trial judge to raise a "bona fide doubt" as to Rand's competency to stand trial. In Pate v. Robinson, 383 U.S. 375, 385, 86 S.Ct. 836, 842, 15 L. Ed.2d 815 (1966), the Supreme Court

held, "Where the evidence raises a 'bona fide doubt' as to a defendant's competency to stand trial, the judge on his own motion must . . . conduct a sanity hearing."

■ The state contends that the trial judge is entitled to place heavy reliance on his own observations of the defendant during the trial in order to determine if there is a "bona fide doubt" as to the defendant's competency to stand trial. However, as Judge Meredith noted and as the parties agree, the critical question is not whether Rand was competent to stand trial, but whether there was sufficient doubt raised as to Rand's competency that the state trial court should have ordered a psychiatric examination and held a hearing. As the Supreme Court noted in Pate v. Robinson, *supra* at 386, 86 S.Ct. at 842, "While [a defendant's] demeanor at trial might be relevant to the ultimate decision as to his sanity, it cannot be relied upon to dispense with a hearing on that very issue." *See* Jones v. Swenson, 469 F.2d 535 (8th Cir. 1972).

With respect to the sufficiency of the evidence, the district court cited at length the pertinent facts from the record which it felt raised a bona fide doubt as to Rand's competence to stand trial.[3] These facts were summarized by the district court as 1) the insistence of Rand's counsel that he was incompetent to stand trial, 2) facts stated in the counsel's affidavit, and 3) testimony relating to Rand's irrational behavior.

■ The state contends that any error committed by the failure to hold a hearing to determine Rand's competency can be corrected by now holding a hearing and making a retroactive determination of his competency as of the date of the trial and that a new trial is thus unnecessary. However, there has been no evidence preserved relating to the mental competence of Rand contemporaneous with the period relevant to the trial. In

2. State v. Rand, 496 S.W.2d 30 (Mo.App. 1973).

3. 365 F.Supp. at 1298.

such a case any attempt at a retroactive determination would be sheer speculation. The Supreme Court has on more than one occasion discussed the difficulty of retroactively determining an accused's competence to stand trial. Pate v. Robinson, *supra*; Dusky v. United States, 362 U.S. 402, 80 S.Ct. 788, 4 L. Ed.2d 824 (1960). After a review of the record the district court determined that a retroactive determination could not be made and ordered a new trial. Based on the facts and the applicable standards the district court's determination was not clearly erroneous and we affirm its order.

Judge Meredith carefully set forth the facts and the law relating thereto in his opinion. We believe that he has correctly decided the case. The judgment is therefore Affirmed.