Onesimo **LIMON–GONZALEZ**, Petitioner-
Appellant,

v.

**UNITED STATES** of America,
Respondent-Appellee.

No. 72–3412.

United States Court of Appeals,
Fifth Circuit.

Aug. 28, 1974.

Daniel J. Riley, Dallas, Tex. (Court-appointed), for petitioner-appellant.

William S. Sessions, San Antonio, Tex., Ronald F. Ederer, Asst. U. S. Atty., El Paso, Tex., for respondent-appellee.

Before TUTTLE, COLEMAN and AINSWORTH, Circuit Judges.

AINSWORTH, Circuit Judge:

Onesimo Limon-Gonzalez appeals from the district court's denial of his motion pursuant to 28 U.S.C. § 2255. We affirm.

Appellant was convicted on the basis of his guilty plea to an information charging him with acquiring and obtain-

ing, in violation of 26 U.S.C. § 4744(a) [1] (repealed, Act of Oct. 27, 1970, Pub.L. No. 91–513, Title III, § 1101(b)(3)(A), 84 Stat. 1292), thirty-one pounds of marihuana and eight marihuana cigarettes, without having paid the transfer tax imposed by 26 U.S.C. § 4741(a) (repealed, Act of Oct. 27, 1970, Pub.L.No. 91–513, Title III, § 1101(b)(3)(A), 84 Stat. 1292). The conviction was obtained on April 19, 1971, shortly before the effective date of the repeal of section 4744. Prior to his plea, appellant expressly waived his right to grand jury indictment and executed a written waiver of the defense to section 4744(a) established by Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969). A supplemental information relating to appellant's prior conviction under 26 U.S.C. § 4742(a) (prohibiting transfer of marihuana except pursuant to a written order form) (repealed, Act of Oct. 27, 1970, Pub.L. No. 91–513, Title III, § 1101(b)(3)(A), 84 Stat. 1292), was filed, and, on May 27, 1971, appel-lant was sentenced to ten years' imprisonment. No direct appeal was taken. On September 13, 1972, appellant filed this petition under 28 U.S.C. § 2255, which was denied by the district court without a hearing.

 Appellant initially contends that he should be permitted to plead anew because his guilty plea was accepted in violation of Rule 11 of the Federal Rules of Criminal Procedure.[2] Three grounds are set forth in support of this contention. After careful scrutiny of the record and the applicable law, we are convinced that none of these grounds rises to constitutional or jurisdictional significance as required for relief under section 2255. *See* Hill v. United States, 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962); Kaufman v. United States, 394 U.S. 217, 89 S.Ct. 1068, 22 L.Ed.2d 227 (1969); Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); Arias v. United States, 7 Cir., 1973, 484 F.2d 577, 579–580.[3] Ap-

---

1. 26 U.S.C. § 4744(a) provided:

§ 4744. Unlawful possession

(a) Persons in general.—It shall be unlawful for any person who is a transferee required to pay the transfer tax imposed by section 4741(a)—

(1) to acquire or otherwise obtain any marihuana without having paid such tax, or

(2) to transport or conceal, or in any manner facilitate the transportation or concealment of, any marihuana so acquired or obtained.

Proof that any person shall have had in his possession any marihuana and shall have failed, after reasonable notice and demand by the Secretary or his delegate, to produce the order form required by section 4742 to be retained by him shall be presumptive evidence of guilt under this subsection and of liability for the tax imposed by section 4741(a).

2. The text of Rule 11 reads:

A defendant may plead not guilty, guilty or, with the consent of the court, *nolo contendere.* The court may refuse to accept a plea of guilty, and shall not accept such plea or a plea of *nolo contendere* without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the conse-quences of the plea. If a defendant refuses to plead or if the court refuses to accept a plea of guilty or if a defendant corporation fails to appear, the court shall enter a plea of not guilty. The court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea.

Congress is presently considering recently proposed amendments to the Federal Rules of Criminal Procedure. The proposed Rule 11 contains significant revisions. *See* 15 Crim.L.Rep. 1057; 15 Crim.L.Rep. 3001.

3. In McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), the Court held, on direct appeal from the defendant's guilty plea conviction, that literal compliance with Rule 11 was required. Shortly thereafter, in Halliday v. United States, 394 U.S. 831, 832, 89 S.Ct. 1498, 1499, 23 L.Ed.2d 16 (1969), which held that *McCarthy* was not to be applied retroactively, the Court pointed out: "In *McCarthy* we took care to note that our holding was based solely upon the application of Rule 11 and not upon constitutional grounds." As this Court explained in Monroe v. United States, 5 Cir., 1972, 463 F.2d 1032, 1036, a section 2255 proceeding: "Rule 11 is not constitutionally mandated but assists the judge in

pellant's first assertion of Rule 11 error is that the district court did not personally interrogate him to determine that his plea was made voluntarily with understanding of the nature of the charge and the consequences of the plea. The transcript of the guilty plea proceeding, however, reveals that the court inquired whether appellant understood the rights appellant was aware of and understood and guarantees being waived, whether the maximum penalties, and whether the plea was based on either promises or threats. Under the circumstances presented, the inquiry by the district judge was sufficient.

Appellant's second ground is that he was misinformed by the prosecuting attorney as to the maximum penalty that could result from his guilty plea.[4] Appellant was informed that he could receive a maximum sentence of forty years. Appellant claims that, taking into account his prior conviction under section 4742(a), he was subject to a maximum penalty of twenty years rather than forty years. See 26 U.S.C. § 7237 (repealed, Pub.L. 91–513, Title III, § 1101(b)(4)(A), Oct. 27, 1970, 84 Stat. 1292). Even if we assume—though we do not decide—that appellant was misinformed, he is not entitled to replead. In our *en banc* decision in United States v. Woodall, 5 Cir., 1971, 438 F.2d 1317, cert. denied, 403 U.S. 933, 91 S.Ct. 2262, 29 L.Ed.2d 712, we rejected a similar claim made on the basis of facts analogous to those presented here; and we perceive no significant distinction in principle between the present case and *Woodall.* See Barton v. United States, 5 Cir., 1972, 458 F.2d 537.[5]

Appellant's third claim of error under Rule 11 is that the district court did not adequately ascertain a factual basis for his plea. Section 4744(a), under which

---

making the constitutionally required determination of true voluntariness."
*See also* McCarthy v. United States, *supra*, 394 U.S. at 466, 89 S.Ct. at 1171: "[I]f a defendant's guilty plea is not . . . voluntary and knowing, it has been obtained in violation of due process . . . .."

4. Under Rule 11, knowledge of the maximum possible penalties may be imparted by any source; it is not required that such knowledge come from the district judge. United States v. Frontero, 5 Cir., 1971, 452 F.2d 406, 415.

5. In United States v. Woodall, *supra*, Woodall pled guilty to two separate indictments containing two counts each. The first count of each indictment charged violation of 18 U.S.C. § 2113(a); and the second count of each indictment charged violation of 18 U.S.C. § 2113(d). Woodall sought to withdraw his guilty pleas on the ground that he had been induced to change his pleas from not guilty to guilty by misinformation as to possible maximum sentences. He claimed that he had been told that a maximum sentence of forty-five years awaited his guilty plea by pyramiding under the two counts of each indictment, which counts carried maximum sentences of twenty years and twenty-five years, when under the law then in effect there could be no pyramiding. The Court, though noting that it was "unwilling to lay down a *per se* rule which would hold every form of misinformation as to plea conse-

quences which indicated more rigorous consequences than the law would truly permit could never be considered in an attack on a guilty plea . . .", stated:

Isolating all other factors that could influence a defendant in determining to enter a plea of guilty, the court is of the opinion that even if Woodall had been told the district judge could pyramid the maximum sentences under each of the separate counts of the two indictments to which he pled, this factor would not invalidate his plea. The probability such information would have influenced Woodall *not* to change his plea so far outweighs the possibility that the prospect of stiffer punishment may have caused the change, that we refuse to consider the latter as relevant. *Id.* 438 F.2d at 1329. (Emphasis in original.) *See also* Cooks v. United States, 5 Cir., 1972, 461 F.2d 530, 532–533 n. 3:

In *Woodall*, since the defendant, by pleading guilty under the misapprehension that the consequences of the plea could be more severe than in fact they were, had evidenced a voluntary acceptance of the greater risk, the fact that the consequences of the plea could not be so dire as anticipated would not necessarily render the plea involuntary.

*See generally* Stephen v. United States, 5 Cir., 1970, 426 F.2d 257, and Grant v. United States, 5 Cir., 1970, 424 F.2d 273, which were overruled in United States v. Woodall, *supra.*

appellant was convicted, punished the unlawful possession of marihuana without having paid the transfer tax imposed by section 4741(a). The factual basis developed in the guilty plea hearing showed that appellant was arrested on or about February 3, 1971, by customs agents near Presidio, Texas, in possession of approximately thirty-one pounds of marihuana, that the marihuana had been imported from Mexico into the United States, and that the required tax had not been paid on the marihuana. Appellant admitted these facts at the arraignment. Appellant now argues that as a part of the factual basis for his plea it should have been shown that he had failed to produce an order form for the marihuana, which order form, had he possessed one, would have entitled him under 26 U.S.C. § 4742(a) to have the marihuana in his possession.[6] In making this argument, appellant refers to the portion of section 4744(a) providing that failure to produce a section 4742 order form shall be presumptive evidence of guilt. *See* notes 1 and 6 *supra*. Appellant has never contended that he was able to produce the order form.

■ We are not persuaded by appellant's argument. The factual basis developed by the district court in the record adequately fit the crime of which he was convicted. "[T]he inquiry made . . . was factually precise enough and sufficiently specific to develop that [appellant's] conduct on the [occasion] involved was within the ambit of that defined as criminal." Jimenez v. United States, 5 Cir., 1973, 487 F.2d 212, cert. denied, 416 U.S. 916, 94 S.Ct. 1623, 40 L.Ed.2d 118 (1974); Cooks v. United States, 5 Cir., 1972, 461 F.2d 530, 533–534 n. 4.

We hold, therefore, that the record shows conclusively that there was no error in the acceptance of appellant's guilty plea sufficient to warrant relief under section 2255. *See generally* Fontaine v. United States, 411 U.S. 213, 93 S.Ct. 1461, 36 L.Ed.2d 169 (1973).

■ Appellant alternatively contends that the district court erred in denying his section 2255 motion without an evidentiary hearing, because the motion raised meritorious grounds for relief that were not conclusively foreclosed by the files and records of this case. Apparently, reference is made here to appellant's allegations in his section 2255 motion that his guilty plea was induced by threats and coercion. Thorough examination of the record, however, reveals that appellant is not entitled to an evidentiary hearing on these allegations. *See* Bryan v. United States, 5 Cir., 1974, 492 F.2d 775 *(en banc)*.[7]

We have considered all of the contentions presented by appellant and find them to be without merit.

Affirmed.

---

6. 26 U.S.C.A. § 4742(a) provided:
§ 4742. Order forms
(a) General requirement.—It shall be unlawful for any person, whether or not required to pay a special tax and register under sections 4751 to 4753, inclusive, to transfer marihuana, except in pursuance of a written order of the person to whom such marihuana is transferred, on a form to be issued in blank for that purpose by the Secretary or his delegate.

7. Appellant's counsel states in his brief in this Court that appellant also alleged in his petition "that the plea was entered pursuant to a coerced plea bargain, which bargain was not fulfilled by the Government" and "that the plea of guilty was induced by unkept promises of defense counsel and the Government." We can discern no such specific allegations in appellant's section 2255 motion. However, we have considered the record and arguments in light of these additional allegations by appellant's counsel, and we find that no evidentiary hearing is required under our *en banc* decision in Bryan v. United States, *supra*.