**Daniel Lee SAPPINGTON, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

No. 75–1195.

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 22, 1975.

Decided Oct. 7, 1975.

Rehearing Denied Oct. 23, 1975.

Proceeding was instituted on motion to vacate sentence. The United States District Court for the Eastern District of Missouri, James H. Meredith, Chief Judge, denied motion, and petitioner appealed. The Court of Appeals, held that trial judge, in accepting plea of guilty entered by petitioner to charge, complied with requirements of rule governing plea, and that petitioner was not subjected to double jeopardy by reason of fact that, subsequent to conviction in federal court, he was subjected to a state prosecution for same offense, nor was petitioner denied equal protection by reason of subsequent prosecution, notwithstanding claim that Justice Department violated its self-imposed policy against duplicative federal state prosecutions, where federal authorities were in no position to invoke their policy of avoiding duplication.

Daniel Lee Sappington, pro se.

Donald J. Stohr, U. S. Atty. and Frank A. Bussmann, Asst. U. S. Atty., St. Louis, Mo., for respondent.

Before LAY, STEPHENSON and WEBSTER, Circuit Judges.

PER CURIAM.

Petitioner Daniel Lee Sappington appeals from the denial by the United States District Court for the Eastern District of Missouri of his motion to vacate his sentence under 28 U.S.C. § 2255. On May 23, 1969, petitioner pleaded guilty to entering a federally insured savings and loan association with the intent to commit larceny, in violation of 18 U.S.C. § 2113(a). He was sentenced to consecutive terms of five years imprisonment on an unrelated charge and fifteen years on the charge here involved. No appeal was taken from the judgment of conviction. Nearly one year later, on April 23, 1970, he was convicted in a

Missouri state proceeding of second degree burglary and sentenced to a term of six years. Missouri officials immediately thereafter paroled Sappington to the federal authorities.

On September 11, 1974, Sappington filed the instant § 2255 petition claiming: (1) that the federal trial court failed to adhere to Fed.R.Crim.P. 11 in accepting his plea of guilty; and (2) that his federal sentence of fifteen years was illegal because of the subsequent state prosecution for the same offense. The district court dismissed the petition without a hearing. We affirm.

Petitioner's initial contention with respect to his plea is that he did not in fact plead guilty to the charge of entering a federally insured savings and loan association with the intent to commit larceny. The record of the hearing on May 23, 1969, clearly refutes this allegation:

THE COURT: Let's take them one at a time. Let's take 69 Cr 21, which is a charge of entering the Farm and Home Savings and Loan Association with intent to commit larceny.

MR. GILSTER [Sappington's attorney]: All right, sir.

THE COURT: Do I understand, Mr. Sappington, you want to enter a plea of guilty to the charge?

DEFENDANT SAPPINGTON: Yes, sir.

We turn to the allegation that the trial judge, in accepting the plea, failed to comply with Fed.R.Crim.P. 11.[1] The transcript of the plea proceedings shows that the court specifically informed petitioner that he could "be sentenced [to] up to twenty years and a fine of five thousand dollars." Petitioner stated that he understood these consequences. The trial judge questioned Sappington as to whether any promises or threats had been made to induce his plea. He re-

---

1. Rule 11 provides in relevant part that a court shall not accept a guilty plea "without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea" and that "[t]he court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea." Fed.R.Crim.P. 11.

plied that no promises or threats had been made and that his plea was voluntary. The trial judge then explained the nature of the charge and petitioner indicated his understanding of the court's explanation. A factual basis for the charge was then elicited: petitioner briefly related the circumstances of his criminal activity, making specific reference to the explanation of his codefendant who, in Sappington's presence, had admitted that the illegal entry was made "with the intention to taking the mony [sic] that was there."

■ We have noted that Rule 11 does not require "that the court follow an exact ritual, or that, in order to convey an understanding of the 'nature of the charge' to the defendant, it is necessary to explain the 'elements' of the offense." *Sappington v. United States,* 468 F.2d 1378, 1380 (8th Cir. 1972), *cert. denied,* 411 U.S. 970, 93 S.Ct. 2164, 36 L.Ed.2d 693 (1973). The proper scope of the examination of the defendant "will in each case depend upon the complexity of the charge as well as all of the surrounding circumstances . . ." *Id.* at 1379. The record in this case demonstrates substantial compliance with the rule.

■ Petitioner claims that he was denied his constitutional rights because he was prosecuted by both federal and state authorities for the same offense. Although Sappington's arguments are inartfully drafted and somewhat confusing, we construe them broadly because he is proceeding pro se. We discern two contentions: first, that the two prosecutions were violative of the protection against double jeopardy; and second, that the federal authorities denied him equal protection of the law by violating their self-imposed policy against duplicative federal-state prosecutions.[2] Both are without merit.

■ As to the double jeopardy claim, it is well established that "an act denounced as a crime by both national and state sovereignties is an offense against the peace and dignity of both and may be punished by each." *United States v. Lanza,* 260 U.S. 377, 382, 43 S.Ct. 141, 142, 67 L.Ed. 314 (1922); *accord, Abbate v. United States,* 359 U.S. 187, 79 S.Ct. 666, 3 L.Ed.2d 729 (1959). A state prosecution which follows a federal prosecution for the same offense is not violative of the double jeopardy clause. *Bartkus v. Illinois,* 359 U.S. 121, 128–129, 79 S.Ct. 676, 3 L.Ed.2d 684 (1959).

■ Petitioner's claim that he was denied equal protection because the Justice Department violated its self-imposed policy against duplicative federal-state prosecutions is frivolous. Petitioner was convicted in state court nearly one year after his conviction in federal court. Thus the federal authorities were in no position to invoke their policy of avoiding duplication. When petitioner was prosecuted and convicted in state court, the state authorities were not bound by the policy of the Justice Department.

Petitioner's claims are without merit and his § 2255 motion was properly dismissed by the district court. The judgment of the district court is affirmed.

WEBSTER, Circuit Judge (concurring).

I concur in all that has been said in the majority opinion, and were this a direct criminal appeal, I would join without reservation. In my view, however, it is unnecessary for this court to consider on a 28 U.S.C. § 2255 motion whether there has been full compliance with Rule 11 of the Federal Rules of Criminal Procedure. "[C]ollateral relief is not available when all that is shown is a failure to comply with the formal requirements" of a rule of criminal procedure. *Hill v. United States,* 368 U.S. 424, 429, 82 S.Ct. 468, 472, 7 L.Ed.2d 417 (1962). As pointed out in *Davis v. United States,* 417 U.S. 333, 346, 94 S.Ct. 2298, 2305, 41 L.Ed.2d 109 (1974), the test under § 2255 is "whether the claimed error of law was 'a fundamental defect which inherently results in a complete miscarriage of jus-

2. *See Petite v. United States,* 361 U.S. 529, 531, 80 S.Ct. 450, 4 L.Ed.2d 490 (1960).

tice,' and whether '[i]t . . . present[s] exceptional circumstances where the need for the remedy afforded by the writ of *habeas corpus* is apparent.'" (Quoting from *Hill v. United States, supra,* 368 U.S. at 428, 82 S.Ct. at 471.) *See Houser v. United States,* 508 F.2d 509, 512–13 (8th Cir. 1974). Applying that test, a claim that the District Court failed to develop an adequate formal record of the factual basis for accepting the plea does not in and of itself support a collateral attack pursuant to 28 U.S.C. § 2255. *See Arias v. United States,* 484 F.2d 577 (7th Cir. 1973), *cert. denied,* 418 U.S. 905, 94 S.Ct. 3195, 41 L.Ed.2d 1153 (1974); *Limon-Gonzalez v. United States,* 499 F.2d 936 (5th Cir. 1974).

There are many constitutional rights which may be waived by a voluntary and understanding plea of guilty. *See Boykin v. Alabama,* 395 U.S. 238, 243, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274 (1969); *United States v. Frontero,* 452 F.2d 406, 414 (5th Cir. 1971). Recently enacted amendments to Rule 11 (Public Law 94–64, 89 Stat. 370, 371), effective December 1, 1975, incorporate an extensive litany of rights which must be explained to the defendant by the court at the time of a plea of guilty or nolo contendere.[1] I would not want this opinion to imply, *sub silentio,* that noncompliance with any of such provisions can be made the basis of a collateral attack upon the plea, if it was otherwise knowingly and voluntarily entered.

---

1. Rule 11(c), as amended, reads:

(c) *Advice to Defendant.*—Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and inform him of, and determine that he understands, the following:

(1) the nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law; and

(2) if the defendant is not represented by an attorney, that he has the right to be represented by an attorney at every stage of the proceeding against him and, if necessary, one will be appointed to represent him; and

(3) that he has the right to plead not guilty or to persist in that plea if it has already been made, and that he has the right to be tried by a jury and at that trial has the right to the assistance of counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself; and

(4) that if he pleads guilty or nolo contendere there will not be a further trial of any kind, so that by pleading guilty or nolo contendere he waives the right to a trial; and

(5) that if he pleads guilty or nolo contendere, the court may ask him questions about the offense to which he has pleaded, and if he answers these questions under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or false statement.