STATE of North Dakota,
Plaintiff-Appellee,

v.

Lowell D. STORBAKKEN,
Defendant-Appellant.

Cr. No. 556.

Supreme Court of North Dakota.

Sept. 29, 1976.

**80**

David Garcia, Devils Lake, for defendant and appellant.

. Thomas B. Jelliff, State's Atty. and Earle R. Myers, Jr., Asst. State's Atty., Grand Forks, for plaintiff and appellee.

PAULSON, Judge.

Lowell D. Storbakken [hereinafter Storbakken] was convicted of the crime of grand larceny by entering his plea of guilty before the district court of Grand Forks County. He was thereafter sentenced to a term of three years in the state penitentiary. After being incarcerated in the penitentiary, Storbakken filed an application for a post-conviction hearing under the Uniform Post Conviction Procedure Act, Chapter 29–32 of the North Dakota Century Code, alleging that his constitutional and statutory rights had been violated. His application was dismissed by the district court without a hearing and Storbakken has appealed from the district court's order, pursuant to the provisions of § 29–32–09, N.D. C.C. A perusal of the record does not indicate that Storbakken was given an opportunity to reply to the district court's dismissal of his application for a post-conviction hearing, pursuant to § 29–32–06(2), N.D.C.C., nor does the record indicate that Storbakken requested such a hearing in the district court.

On the appeal from the district court's dismissal of Storbakken's application for post-conviction relief, four areas of inquiry

are raised: (1) whether Storbakken possessed the necessary mental competency to plead guilty; (2) whether Storbakken was sufficiently advised of his constitutional rights at the time he entered his plea of guilty to satisfy the due process standards set forth in *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), and the procedural standards mandated in Rule 11, N.D.R.Crim.P.; (3) whether Rule 11, N.D.R.Crim.P., governing the use of plea negotiations was sufficiently complied with; and (4) whether the governing law, punishment, and procedural provisions of the North Dakota Century Code were set out with sufficient clarity to serve as a basis for a knowledgeable plea.

## I. COMPETENCY TO PLEAD

■ Section 12.1–04–06, N.D.C.C., provides, in pertinent part:

"Whenever . . . there is reason to doubt his [the defendant's] fitness to proceed, or reason to believe that mental disease or defect will otherwise become an issue in the case, the court may order the defendant to undergo an examination * * * *"

The question herein addressed is whether such "reason to doubt" existed so as to require further inquiry than that afforded by the district court. Such an inquiry is a requirement of the constitutional due process standard enunciated by the United States Supreme Court in *Pate v. Robinson*, 383 U.S. 375, 385–386, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966), mandating that, once evidence creating a reasonable doubt as to a defendant's competency is raised, a competency hearing is required. *Drope v. Missouri*, 420 U.S. 162, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975); *Rand v. Swenson*, 501 F.2d 394 (8th Cir. 1974); *Moore v. United States*, 464 F.2d 663 (9th Cir. 1972); and *State v. Fischer*, 231 N.W.2d 147 (N.D.1975).

■ The only suggestion contained on the record in the district court that Storbakken might not be competent to plead came at the sentencing hearing on November 3, 1975, twenty-five days after the plea was entered.[1] While making his oral plea for leniency at such hearing, Storbakken's attorney made oral reference to an injury Storbakken had received when he was twelve years old, which accident, Storbakken's father indicated, may have caused some brain damage. No evidence was submitted in support of this contention other than reference to Storbakken's inability to use alcohol or drugs, as well as to his past criminal behavior.[2]

In evaluating these oblique allegations of incompetence, the district court had before it a presentence investigation report from the district parole officer, with attached reports from the North Dakota State Hospital and a state parole agent for Minnesota. The court also relied upon Storbakken's courtroom demeanor and answers to questions directed to him by the court which revealed, among other facts: that Storbakken had completed the eleventh grade of high school; that he was employed as a sheetrock hanger; that he was married; that he was on parole for a burglary conviction in Minnesota; and that it was Storbakken's understanding that the State was to make no recommendation as to sentencing for conviction on this charge. Due process does not mandate a full-blown hearing every time there is the slightest evidence of incompetency. *See Curry v. Estelle*, 531 F.2d 766 (5th Cir. 1976); and *United States ex rel. Roth v. Zelker*, 455 F.2d 1105 (2nd Cir. 1972). Based on the record before the court, we conclude that there is no "reason to doubt" the competency of Mr. Storbakken such as to require further inquiry than that afforded by the district court.

1. N.D.C.C. "*12.1–04–05. Notice of defense, filing.*—Evidence of mental disease or defect submitted for the purpose of excluding responsibility is not admissible unless the defendant, not later than the time of entering his plea of not guilty or within ten days thereafter or at such later time as the court may for good cause permit, files a written notice of his purpose to rely on such defense."

2. *See* Annot. 17 A.L.R.3d 146, § 5 (1968) discussing quantum of evidence necessary to raise question of mental competency.

## II. WAIVER OF CONSTITUTIONAL RIGHTS AND COMPLIANCE WITH RULE 11(b) and (c), N.D.R.Crim.P.

 It is necessary to examine the voluntariness of Storbakken's guilty plea.[3] There are federal guidelines to follow when considering guilty pleas. In *Boykin v. Alabama*, 395 U.S. 238, 242–243, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), the United States Supreme Court stated:

"A plea of guilty is more than a confession which admits that the accused did various acts; it is itself a conviction; nothing remains but to give judgment and determine punishment. * * *

* * * * * *

"Several federal constitutional rights are involved in a waiver that takes place when a plea of guilty is entered in a state criminal trial. First, is the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment and applicable to the States by reason of the Fourteenth. [Citation omitted.] Second, is the right to trial by jury. [Citation omitted.] Third, is the right to confront one's accusers. [Citation omitted.] We cannot presume a waiver of these three important federal rights from a silent record."

And, in *Brady v. United States*, 397 U.S. 742, 748, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970), the United States Supreme Court stated:

"Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences."

And, in *Griffith v. Wyrick*, 527 F.2d 109, 112 (8th Cir. 1975), the Eighth Circuit Court of Appeals stated:

3. The Fifth Amendment to the U.S. Constitution is applicable to criminal proceedings in a state court by virtue of the Fourteenth Amendment. *Malloy v. Hogan*, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653 (1964).

4. Rule 11(b) and (c) of the North Dakota Rules of Criminal Procedure provide the following provisions to ensure that a defendant who pleads guilty has made an informed plea:

"Whether a waiver of constitutional rights is effective is an issue governed by federal standards. [Citation omitted.] A plea of guilty embodies the waiver of several constitutional rights, including the right against self-incrimination, the right to confront one's accusers and the right to a trial by jury. [Citation omitted.] The strong presumption is against the validity of waivers of constitutional rights, and the acceptance of a plea of guilty must be approached with the utmost solicitude. [Citations omitted.] The record must affirmatively show, under the totality of the circumstances, that the plea of guilty was voluntary, and *it is the duty of the judge to establish by inquiry as thorough as the circumstances demand its constitutional validity*." [Emphasis added.]

 It is well established under North Dakota law that a plea of guilty must be free and voluntary and, consequently, this court has previously had to evaluate the circumstances surrounding guilty pleas in order to determine whether they were entered as a result of threats or coercion. *State v. McKay*, 234 N.W.2d 853 (N.D.1975); *State v. Barlow*, 193 N.W.2d 455 (N.D.1971); *Application of Stone*, 171 N.W.2d 119 (N.D. 1969), *cert. denied* 397 U.S. 912, 90 S.Ct. 912, 25 L.Ed.2d 93; *State v. Whiteman*, 67 N.W.2d 599 (N.D.1954); *State v. Malnourie*, 67 N.W.2d 330 (N.D.1954); and *State v. Layer*, 48 N.D. 366, 184 N.W. 666 (1921).

 In the instant case, the guilty plea is challenged solely because the trial judge did not restate Storbakken's constitutional rights *eo nomine* [by name] at the time he accepted the plea, and because the trial judge did not follow the exact format of questioning spelled out in Rule 11 of the North Dakota Rules of Criminal Procedure.[4]

"*(b) Advice to defendant.* The court shall not accept a plea of guilty without first, by addressing the defendant personally [except as provided in Rule 43(c)] in open court, informing him of and determining that he understands the following:
"(1) The nature of the charge to which the plea is offered;

Storbakken has alleged only a failure to follow a specific legal ritual.

It is clear from the arraignment transcripts that Storbakken was informed in detail of the nature of the charge against him; the potential punishment if convicted; his right to have a court-appointed counsel; his right to have counsel present during all proceedings; his right to remain silent; his right against compulsory self-incrimination; his presumption of innocence; the State's burden of proof; his right to a jury trial; his right to a speedy, fair, and public trial; his right to subpoena witnesses; and his right to cross-examine adverse witnesses. Storbakken was not only informed of these rights at his arraignment in district court, but, in addition, after each right was read by the district judge, Storbakken was specifically asked whether he understood what was meant and whether he wanted any further explanation. When asked at the change-of-plea hearing whether he had been advised as to these important rights, Storbakken replied "Yes." (October 9, 1975, hearing.) He again answered in the affirmative when asked if he recalled those rights, if he had been advised as to the nature of the charge, and if he had been advised as to the range of punishment provided by law. In addition to the foregoing, the trial judge questioned Storbakken to discover his understanding of any promises concerning plea negotiations, whether he found any fault in his representation by his retained counsel, and whether his changed plea was his own free and voluntary act.

Based on this record, we find no doubt created concerning the voluntary and intelligent nature of Storbakken's plea, and we find substantial compliance with Rule 11 of the Rules of Criminal Procedure.[5] Neither Rule 11 nor compliance with *Boykin* due process standards states that the trial judge must specifically inform a defendant, *eo nomine,* of his rights he waives by pleading guilty. *Boykin v. Alabama, supra,* 395 U.S. at 244, n.7, 89 S.Ct. at 1713, 23 L.Ed.2d at 280; *McCarthy v. United States,* 394 U.S. 459, 467, n.20, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969); *Fontaine v. United States,* 526 F.2d 514, 516 (6th Cir. 1975), *cert. denied* 424 U.S. 973, 96 S.Ct. 1476, 47 L.Ed.2d 743 (1976); *Todd v. Lockhart,* 490 F.2d 626, 628, n.1 (8th Cir. 1974); *United States v. Sherman,* 474 F.2d 303, 305 (9th Cir. 1973); *Stinson v. Turner,* 473 F.2d 913, 915–916 (10th Cir. 1973); *Wade v. Coiner,* 468 F.2d 1059,

"(2) The mandatory minimum punishment, if any, and the maximum possible punishment provided by the statute defining the offense to which the plea is offered;

"(3) That the defendant has the right to plead not guilty, or to persist in that plea if it has already been made, or to plead guilty; and

"(4) That if he pleads guilty there will not be a further trial of any kind, so that by pleading guilty he waives the right to a trial by jury or otherwise and the right to be confronted with the witnesses against him.

"*(c) Insuring that the plea is voluntary.* The court shall not accept a plea of guilty without first, by addressing the defendant personally [except as provided in Rule 43(c)] in open court, determining that the plea is voluntary and not the result of force or threats or of promises apart from a plea agreement. The court shall also inquire as to whether the defendant's willingness to plead guilty results from prior discussions between the prosecuting attorney and the defendant or his attorney."

North Dakota's rule was adapted from the ABA "Standards Relating to Pleas of Guilty", Part 1,

*Receiving and Acting Upon the Plea*, and Rule 11, F.R.Crim.P. While we are not compelled to follow any interpretation and construction placed upon identical or similar language by the federal courts, such decisions are highly persuasive and, in the interest of uniform interpretation, we should be guided by them. *See State v. Holy Bull,* 238 N.W.2d 52, 55 (N.D. 1975). The precise terms of Rule 11 are not constitutionally applicable to the state courts. *Roddy v. Black,* 516 F.2d 1380, 1383 (6th Cir. 1975); *Scranton v. Whealon,* 514 F.2d 99 (6th Cir. 1975).

5. Although not a problem in the instant case due to the record established at the arraignment, the assistance of retained counsel, and the absence of any allegations on the part of Storbakken that would render his guilty plea ineffective, we believe the better practice to be more meticulous conformance to Rule 11 to avoid, or at least more expeditiously to dispose of, post-conviction attacks on the constitutional validity of guilty pleas. *McCarthy v. United States,* 394 U.S. 459, 465, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969); *United States v. Yazbeck,* 524 F.2d 641, 643–644 (1st Cir. 1975).

1060–1061 (4th Cir. 1972); and *United States v. Frontero,* 452 F.2d 406, 415 (5th Cir. 1971). It is sufficient to satisfy due process that such knowledge on the part of the defendant is clearly reflected from the whole record, not just the interrogation of the defendant by the trial court.[6] *Brady v. United States,* 397 U.S. 742, 747–748, n.4, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); *Boykin v. Alabama, supra,* 395 U.S. at 244, 89 S.Ct. at 1713, 23 L.Ed.2d at 280; *LeBlanc v. Henderson,* 478 F.2d 481 (5th Cir. 1973). While inquiry must be fully developed on the record, it need not assume any predetermined, ritualistic form to conform with Rule 11, but rather the "* * * [proper scope of the examination] of the defendant will in each case depend upon the complexity of the charge as well as all of the surrounding circumstances * * *", *Sappington v. United States,* 468 F.2d 1378, 1380 (8th Cir. 1972), *cert. denied,* 411 U.S. 970, 93 S.Ct. 2164, 36 L.Ed.2d 693 (1973); *See also McCarthy v. United States, supra,* 394 U.S. at 467, n.20, 89 S.Ct. at 1171, 22 L.Ed.2d at 426; *Sappington v. United States,* 523 F.2d 858, 860 (8th Cir. 1975); *United States v. Sherman, supra,* 474 F.2d at 305; *Stinson v. Turner,* 473 F.2d 913, 915–916 (10th Cir. 1973); *Wade v. Coiner, supra,* 468 F.2d at 1060–1061; *United States v. Tabory,* 462 F.2d 352, 353 (4th Cir. 1972); *United States v. Frontero, supra,* 452 F.2d at 413–414; *United States v. Berlin,* 437 F.2d 901, 904–906 (7th Cir. 1971). Requiring a specific waiver of every constitutional right foreclosed by the entry of a guilty plea would only sow the seeds for later collateral attack. *Boykin v. Alabama, supra,* 395 U.S. at 244, 89 S.Ct. at 1713, 23 L.Ed.2d at 280; *Sappington v. United States, supra,* 523 F.2d at 861; *Wilkins v. Erickson,* 505 F.2d 761, 763 (9th Cir. 1974); *State v. Barlow, supra,* 193 N.W.2d at 458.

## III. PLEA NEGOTIATIONS

 The record indicates that Storbakken, his retained counsel, and the State's attorney were all interrogated thoroughly by the trial judge concerning the status of plea bargaining in this case. When the court asked the State if the case involved negotiations under Rule 11(d),[7] the State replied that no sentence recommendation was to be made. Storbakken's attorney

---

**6.** The State argues in its brief that the presence of retained counsel should be sufficient to protect Storbakken's interest based on its interpretation of *McMann, Warden v. Richardson,* 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970). We find that to be an overstatement of the holding in that case; rather, it held that a "defendant's plea of guilty based on reasonably competent advice is an intelligent plea not open to attack on the ground that counsel may have misjudged the admissibility of the defendant's confession." *Id.* 397 U.S. at 770, 90 S.Ct. at 1448, 25 L.Ed.2d at 773. The issue in that case was the challenging of counsel's advice, not the court's inquiry into the voluntary and knowledgeable nature of the defendant's plea. The presence of retained counsel does not automatically protect the defendant's interest, but is just one of the factors for the court to consider in framing its interrogation of the defendant at the time of the plea. *See* Annot., 97 A.L.R.2d 549, 556 (1964). In entering a plea, a defendant must be represented by reasonably competent counsel. *Mason v. Balcon,* 531 F.2d 717, 721–725 (5th Cir. 1976); *See State v. Metzner,* 244 N.W.2d 215, 225–226 (N.D.1976) and cases cited therein. There is nothing in the record in the instant case to suggest that Storbakken did not have the benefit of competent counsel.

**7.** Rule 11(d), N.D.R.Crim.P., provides in pertinent part the following to govern the use of plea negotiations:

"*(d) Plea agreement procedure.*

"*(1) In general.* The prosecuting attorney and the attorney for the defendant may engage in discussions with a view toward reaching an agreement that, upon the entering of a plea of guilty to a charged offense or to a lesser or related offense, the prosecuting attorney will move for dismissal of other charges, or will recommend or not oppose the imposition of a particular sentence, or will do both. The court shall not participate in any such discussions.

"*(2) Notice of such agreement.* If a plea agreement has been reached by the parties which contemplates entry of a plea of guilty in the expectation that a specific sentence will be imposed or that other charges before the court will be dismissed, the court shall require the disclosure of the agreement in open court at the time the plea is offered. Thereupon the court may accept or reject the agreement, or may defer its decision as to acceptance or rejection until receipt of a presentence report."

supplemented the State's answer by stating that it had been agreed to drop another unrelated charge in addition to the State's no-recommendation posture. The court then addressed Storbakken personally, asking him if the foregoing was his understanding. Storbakken replied with an unequivocal "Yes". (October 9, 1975, hearing.) He again replied in the affirmative when asked if he was satisfied with the way his attorney was handling his case and if this plea was his own free and voluntary act. No allegation of breach of the foregoing agreement is asserted; rather, Storbakken now contends that the foregoing did not encompass the entire plea agreement, but that his attorney had informed him that he should receive only probation on this charge, rather than the three-year sentence which was imposed. We find this contention to be totally inconsistent with Storbakken's own statements made to the trial judge at the time of his plea and to have no credibility other than to reflect what might have been Storbakken's own subjective belief at the time he made the plea. A defendant's own subjective belief that he would receive probation, when unsupported by any promises from the government or indications from the court, is insufficient to invalidate a guilty plea as constituting an unintelligent, unknowing, or involuntary plea. *United States v. Maggio,* 514 F.2d 80, 88 (5th Cir. 1975) and cases cited therein. In the absence of the allegation of the breach of any provisions of the agreements disclosed in open court, Storbakken's petition for a post-conviction hearing was properly denied.

IV. CLARITY OF GOVERNING LAW, PUNISHMENT, AND PROCEDURAL PROVISIONS OF THE NORTH DAKOTA CENTURY CODE AT SENTENCING HEARING

▆▆▆▆ The final contention posited by Storbakken is also without merit. The record is unequivocally clear that Storbakken was charged and sentenced under the provisions of the former criminal code in effect at the time of the offense. The legislature specifically preserved the provisions of the former criminal code for purposes of trial and punishment of crimes committed prior to the effective date of the present criminal code provisions. *Kittelson v. Havener,* 239 N.W.2d 803, 806–807 (N.D. 1976). In the instant case, the court had inquired at the arraignment:

"BY THE COURT: Q The alleged act in this case took place on as is alleged in the Information, on January 26 or about that time in 1975; and prior to the time that the New Criminal Code was put in effect.

"And is it your request that you be proceeded against under the old Code? Mr. Galloway?

"MR. GALLOWAY: Yes, Your Honor.

"THE COURT: All right." (September 26, 1975, hearing.)

The reading of the penalty section of the present criminal code at the time of the sentencing occurred only after the former code provision was read, and then only at the request of defense counsel. (November 3, 1975, hearing.) We find no ambiguity as to the use of the former criminal code provisions both for charging and sentencing.

Even if the facts had been as alleged in Storbakken's petition, Storbakken would not have been prejudiced in any manner because the sentence which was imposed was well within the range of possible punishment set forth under the former criminal code provisions as well as under the present criminal code. Such an error would be without legal significance. *Johnson v. Wainwright,* 456 F.2d 1200, 1201 (5th Cir. 1972); *United States v. Woodal,* 438 F.2d 1317 (5th Cir. 1970), *cert denied,* 403 U.S. 933, 91 S.Ct. 2262, 29 L.Ed.2d 712 (1971); *Connelly v. Parkinson,* 405 F.Supp. 811, 812 (S.S.D.1975).

For the reasons stated, the order of the district court denying relief is affirmed.

ERICKSTAD, C. J., and PEDERSON, VOGEL and SAND, JJ., concur.