**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Marcus SCHUMACHER, Defendant and Appellant.**

**Cr. Nos. 890246, 890247.**

Supreme Court of North Dakota.

March 1, 1990.

---

Thomas H. Falck, Jr., Asst. State's Atty., Grand Forks, for plaintiff and appellee.

E.J. Rose, of Evans & Moench, Ltd., Bismarck, for defendant and appellant.

VANDE WALLE, Justice.

Marcus Schumacher appealed from a district court order denying his motion to withdraw a guilty plea. We reverse and remand.

Schumacher was originally charged with murder and attempted murder arising out of his involvement in an October 9, 1988, shooting in which one person was killed and another was wounded. Pursuant to a plea agreement, the State filed amended informations reducing the charges to manslaughter and reckless endangerment, and Schumacher entered an open plea of guilty to the charges. The court accepted the plea and judgments of conviction were entered.

Schumacher subsequently obtained new counsel and filed a motion to withdraw his guilty plea, asserting that he had received ineffective assistance of counsel and that the trial court had failed to comply with the mandates of Rule 11, N.D.R.Crim.P. Following two evidentiary hearings, the court determined that Schumacher had not received ineffective assistance of counsel and that Rule 11 had been complied with. Schumacher has appealed from the order denying his motion.

The dispositive issue on appeal is whether the trial court followed the dictates of Rule 11, N.D.R.Crim.P.

■ Because a firearm was involved, Schumacher was subject to the mandatory minimum sentencing provisions of Section 12.1–32–02.1, N.D.C.C. Rule 11(b)(2), N.D.R.Crim.P., provides:

> *"(b) Advice to Defendant.* The court shall not accept a plea of guilty without first, by addressing the defendant personally [except as provided in Rule 43(c) ] in open court, informing him of and determining that he understands the following:
>
> \* \* \* \* \* \*
>
> "(2) The mandatory minimum punishment, if any, and the maximum possible punishment provided by the statute defining the offense to which the plea is offered. . . ."

The procedures of Rule 11 are mandatory and binding upon the court. *State v. Hagemann,* 326 N.W.2d 861 (N.D.1982); *State v. Mortrud,* 312 N.W.2d 354 (N.D. 1981).

The State concedes that the court did not advise Schumacher of the mandatory minimum sentence prior to accepting the guilty plea. The State argues, however, that there has been substantial compliance with Rule 11, in accordance with *State v. Hagemann, supra,* and *State v. Storbakken,* 246 N.W.2d 78 (N.D.1976), because review of the entire record demonstrates that Schumacher was aware of the mandatory minimum sentence. Specifically, the State contends that at the sentencing hearing Schumacher's counsel requested imposition of the mandatory minimum sentence and that the record of the hearings on Schumacher's motion to withdraw his plea demonstrates that counsel had discussed the mandatory minimum sentence with Schumacher prior to entry of his guilty plea.

■ The fact that the mandatory minimum sentencing procedure was discussed and argued by counsel at the sentencing hearing, after the plea had been accepted, does not cure the failure to comply with the requirements of Rule 11. The purpose of the procedure outlined in Rule 11(b) is to ensure that the defendant is fully aware of the consequences of a guilty plea before he enters his plea. That purpose is not satisfied by evidence showing that counsel

raised the issue during sentencing proceedings, after the plea had been made and accepted.

▮ Nor is the failure to comply with Rule 11 cured by the testimony of Schumacher's trial counsel that he discussed mandatory minimum sentencing with Schumacher. Although we have stated in *Hagemann, supra,* and *Storbakken, supra,* that we will consider the entire record when reviewing the knowing and voluntary nature of a guilty plea, we will not rely upon testimony regarding matters which occurred outside the courtroom to determine this issue.

In *Storbakken* and *Hagemann,* the defendants had been fully advised of their rights by the court on the record at their arraignments. In each case, the trial court failed to readvise the defendant of all these rights at the time the defendant changed his plea to guilty. The defendants challenged their convictions based upon the courts' failure to readvise them of their rights at the time their guilty pleas were entered and the courts' failure to follow the exact format of questioning spelled out in Rule 11. We held that Rule 11 does not require strict adherence to a specific legal ritual. We stressed, however, that the defendants had been fully advised of their rights by the court at their arraignments, and we concluded that "the record of the arraignment, in conjunction with the record of the change-of-plea hearing, clearly revealed that the defendant had knowledge of the rights he was waiving by pleading guilty ... [and] was aware of the consequences of his guilty plea." *State v. Hagemann, supra,* 326 N.W.2d at 866.

Neither *Hagemann* nor *Storbakken* holds that a trial court's failure to personally advise the defendant under Rule 11 can be cured by allegations that the defendant received knowledge of his rights from other sources. This case demonstrates the need for the trial court to advise the defendant upon the record in accordance with Rule 11. Schumacher asserts that his trial counsel gave him erroneous advice regarding the mandatory minimum sentence for these two offenses, that he therefore was not fully cognizant of the possible consequences of his guilty plea, and that this erroneous information constituted ineffective assistance of counsel. The Explanatory Note to Rule 11 suggests that this situation presents the very evil sought to be avoided by the requirements of Rule 11(b)(2):

> "Subdivision (b)(2) requires that the court inform the defendant of and determine that he understands 'the mandatory minimum punishment, if any, and the maximum possible punishment provided by the statute defining the offense to which the plea is offered.' The objective is to insure that the defendant knows what minimum sentence the judge MUST impose and the maximum sentence the judge MAY impose, and further to explain the consecutive sentencing possibilities when the defendant pleads to more than one offense. This provision is included so that the judicial warning effectively serves to overcome subsequent objections by the defendant that his counsel gave him erroneous information."

The requirement that the court personally advise and question the defendant is intended to ensure a record that will affirmatively establish a knowing and voluntary decision by the defendant. *See State v. Mortrud, supra.* Anything less requires a determination based on implication rather than certainty, whereas the express statement on the record eliminates the inherent danger of misinterpreting whether or not the defendant's decision to plead guilty was made with full knowledge of the minimum sentence which must be imposed as a result of that plea. *See State v. Kranz,* 353 N.W.2d 748 (N.D.1984).

The result we reach is also supported by the holding in *State v. Wester,* 204 N.W.2d 109 (N.D.1973). In *Wester,* the trial court failed to ask the defendant for his plea to the charge, but, apparently through confusion of court and counsel, the parties proceeded as though Wester had entered a plea of guilty. Wester was sworn and testified to his involvement in the offense, and the court then "accepted" Wester's plea of guilty, although no plea had been

**348**

formally entered. At several post-conviction proceedings, Wester stated that he believed he had pleaded guilty to the charges. Wester subsequently filed an application for a writ of habeas corpus to this court, alleging for the first time that he had never been given the opportunity to plead to the offense charged. Although the parties had proceeded as though a plea had been entered and Wester in his testimony admitted guilt, we held that the formal requisites of a plea were missing. Nor could a presumption of a plea of guilty be made, even though Wester had subsequently indicated his belief that a guilty plea had been entered. We concluded that the absence of a formal plea to the offense charged rendered the judgment of conviction void.

■ Under Rule 32(d)(1), N.D.R.Crim.P., a defendant should be allowed to withdraw a plea of guilty after sentencing only upon a showing of manifest injustice. *State v. Werre,* 325 N.W.2d 172 (N.D.1982). The determination of manifest injustice is within the trial court's discretion, and will be reversed on appeal only upon an abuse of that discretion. *State v. Werre, supra; State v. Mortrud, supra.* The discretion to be exercised by the court, however, is "the legal discretion to be exercised in the interests of justice." *State v. Mortrud, supra,* 312 N.W.2d at 359. The error in this case is more than a technical, harmless error and demonstrates a manifestation of injustice. *See State v. Gustafson,* 278 N.W.2d 358 (N.D.1979). We conclude that when the trial court does not advise the defendant of the mandatory minimum sentence in accordance with Rule 11(b)(2), the interests of justice require that the defendant be allowed to withdraw his plea of guilty.

The order denying Schumacher's motion to withdraw his guilty plea is reversed and we remand to the district court with directions that Schumacher be permitted to withdraw his guilty plea.

ERICKSTAD, C.J., and LEVINE, MESCHKE and GIERKE, JJ., concur.