**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Troy BOUSHEE, Defendant and Appellant.**

**Cr. Nos. 900108, 900109.**

Supreme Court of North Dakota.

Aug. 9, 1990.

Albert Frederick Arnason (argued), Asst. States Atty., Grand Forks, for plaintiff and appellee.

Robert J. Woods (argued), Forest River, for defendant and appellant.

MESCHKE, Justice.

Troy Boushee appealed from orders denying post-conviction relief. We reverse and remand.

Troy Boushee was charged with the crimes of driving under suspension and of driving under the influence (third offense within five years). *See* NDCC 39–06–42 and 39–08–01. Boushee pleaded not guilty, but later changed his pleas to guilty. The trial court accepted his guilty pleas, sentenced him to 60 days confinement, including 30 days in an addiction treatment facility, and fined him over $1,000. The trial court authorized Boushee to begin serving his sentence on December 1, 1988. However, Boushee failed to surrender on that date and a bench warrant was issued.

Boushee obtained a new attorney and on December 18 applied for post-conviction relief. Boushee surrendered and began serving his sentence on February 13, 1990. Shortly thereafter, the trial court summari-

ly entered final orders denying all relief to Boushee. Boushee appealed.

Boushee contends on appeal that the trial court failed to follow the requirements of NDRCrimP 11 in accepting his guilty pleas and sentencing him. Boushee argues that the Rule 11 procedures for accepting guilty pleas are mandatory, that the trial court failed to comply with them, and that the sparse transcript amply evidences the trial court's non-compliance.

■ NDRCrimP 11 directs the trial court to address a pleading defendant personally, to inform him of the consequences of a guilty plea, to insure that the plea is voluntary, and to establish the factual basis for the plea. Pertinent parts of the rule say:

(b) *Advice to Defendant.* The court may not accept a plea of guilty without first, by addressing the defendant personally [except as provided in Rule 43(c)] in open court, informing the defendant of and determining that the defendant understands the following:

(1) The nature of the charge to which the plea is offered;

(2) The mandatory minimum punishment, if any, and the maximum possible punishment provided by the statute defining the offense to which the plea is offered;

(3) That the defendant has the right to plead not guilty, or to persist in that plea if it has already been made, or to plead guilty;

(4) That if the defendant pleads guilty there will not be a further trial of any kind, so that by pleading guilty the defendant waives the right to a trial by jury or otherwise and the right to be confronted with adverse witnesses; and

\* \* \* \* \* \*

(c) *Insuring That the Plea is Voluntary.* The court shall not accept a plea of guilty without first, by addressing the defendant personally [except as provided in Rule 43(c)] in open court, determining that the plea is voluntary and not the result of force or threats or of promises apart from a plea agreement. The court shall also inquire as to whether the defendant's willingness to plead guilty results from previous discussion between the prosecuting attorney and the defendant or the defendant's attorney.

\* \* \* \* \* \*

(e) *Determining Accuracy of Plea.* Notwithstanding the acceptance of a plea of guilty, the court should not enter a judgment or dispositional order upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea.

In *State v. Schumacher*, 452 N.W.2d 345, 347 (N.D.1990), we recently explained that NDRCrimP 11 requires the trial court to carry out these procedures personally in order "to ensure a record that will affirmatively establish a knowing and voluntary decision by the defendant. *State v. Mortrud*, [312 N.W.2d 354 (N.D.1981)]. Anything less requires a determination based on implication rather than certainty...."

■ In this case, there was little or no communication between the trial court and the defendant.

[COUNSEL]: And at this time we would move the Court to change our plea. I believe we haven't done that, yet, and I believe there is a—we have an agreement with the State.

THE COURT: You're moving to change plea?

[COUNSEL]: To change plea at this time.

THE COURT: That motion is in all things granted. To these three charges, what are your pleas, Mr. Boushee?

[BOUSHEE]: Guilty.

THE COURT: Plea of guilty is accepted. The State's recommendation will be entertained in just a moment. All right, [Prosecutor].

[PROSECUTOR]: Yes, Your Honor, thank you. Regarding the third Driving Under the Influence charge, we would recommend the statutory minimum which would be—

THE COURT: Was this a first offense?

[PROSECUTOR]: Third, Your Honor.

THE COURT: All right. 2198, then, that would be a $1,000 fine.

[PROSECUTOR]: Yes.

THE COURT: 60 days imprisonment.

This record falls short of substantial compliance with NDRCrimP 11.

■ The State correctly points out that the Rule does not require "any predetermined, ritualistic form" for the trial court's examination of the defendant, and that the extent of the examination depends on "the complexity of the charge as well as all of the surrounding circumstances." *See State v. Storbakken*, 246 N.W.2d 78 (N.D. 1976). From these precepts, the State argues that on this entire record the trial court complied substantially with Rule 11. The State seeks to transfuse this anemic record with three arguments.

■ First, the State points to that place in the transcript where the prosecutor recommends the statutory minimum sentence to the trial court as showing substantial compliance with Rule 11. In *Schumacher* we explained that "[t]he purpose of the procedure outlined in Rule 11(b) is to ensure that the defendant is fully aware of the consequences of a guilty plea before he enters his plea. That purpose is not satisfied by evidence showing that counsel raised the issue during sentencing proceedings, after the plea had been made and accepted." 452 N.W.2d at 346–47. As this transcript discloses, the trial court did not mention the statutory minimum until after accepting Boushee's plea of guilty. In fact, the trial court was not even cognizant of a significant circumstance affecting the minimum sentence, that this was Boushee's third offense, when it accepted his guilty pleas. An attorney's mention of a statutory minimum after a plea has already been accepted "does not cure the failure to comply with the requirements of Rule 11." *Schumacher*, 452 N.W.2d at 346. "This provision is included so that the judicial warning effectively serves to overcome subsequent objections by the defendant that the defendant's counsel gave the defendant erroneous information." NDRCrimP 11, Explanatory Note, at 253.

Therefore, the State's first argument does not resuscitate this record.

■ The State argues that circumstances negated the need for complete compliance with Rule 11 because Boushee knew the ramifications of his pleas since he had been convicted and sentenced twice before. Boushee's experiences in other appearances before the trial court cannot cure the lack of compliance in this case. Rule 11 prescribes uniform procedures. This argument by the State also fails to persuade us of Rule 11 compliance.

■ Finally, because Boushee was advised of his constitutional rights during his initial appearance and was represented by counsel for his guilty plea, the State contends that there was substantial compliance with Rule 11 on the entire record. In *State v. Hoffarth*, 456 N.W.2d 111, 115 (N.D.1990), we said "[t]here is substantial compliance with NDRCrimP 11 if the record of the arraignment, in conjunction with the record of the change-of-plea hearing, clearly reveals that the defendant had knowledge of the rights he was waiving by pleading guilty."

This record shows that Boushee was informed about some constitutional rights at his initial appearance when he pleaded not guilty. However, we find no advice by the trial court to Boushee then, or later, on the mandatory minimum or the maximum possible punishments for the offenses to which he plead guilty. And, of course, there was no effort at either plea stage to establish that his guilty pleas were voluntarily made, or what the factual bases were for them. At the first plea stage, Boushee was questioned by the magistrate about a third charge having nothing to do with this appeal, and these two charges were barely mentioned. The combined records of both plea stages do not show substantial compliance with Rule 11. Again, the State's argument fails to persuade us of Rule 11 compliance by the trial court.

■ When the relief sought under the Post–Conviction Procedure Act is the withdrawal of a guilty plea, the action is treated as a motion to withdraw the guilty

plea. *Kaiser v. State*, 417 N.W.2d 175, 179 (N.D.1987). Withdrawal of a guilty plea is permitted when it is necessary to correct a manifest injustice. NDRCrimP 32(d). The determination of manifest injustice is ordinarily within the trial court's discretion, and will be reversed on appeal only for an abuse of discretion. *State v. Werre*, 453 N.W.2d 826 (N.D.1990). Generally, "when the trial court does not advise the defendant of the mandatory minimum sentence in accordance with Rule 11(b)(2), the interests of justice require that the defendant be allowed to withdraw his plea of guilty." *Schumacher*, 452 N.W.2d at 348. Justice requires that Boushee be allowed to withdraw his pleas of guilty.

The trial court personally addressed Boushee only to ask him for his pleas. The trial court did not address Boushee personally, "informing the defendant of and determining that the defendant" understood "[t]he nature of the charge," and informing him of the "mandatory minimum" and "maximum possible" punishments. The trial court thus substantially failed to comply with Rule 11(b) information. Further, the trial court did nothing to personally question Boushee on the voluntariness of his change in pleas and thus substantially failed to comply with Rule 11(c). Finally, the trial court made no effort to determine the accuracy of Boushee's pleas, and thus substantially failed to comply with Rule 11(e). These were multiple mistakes and substantial failures, not an occasional lapse. We conclude that the trial court's refusal of post-conviction relief for non-compliance with Rule 11 was an abuse of discretion.

We reverse and remand with directions that Boushee be permitted to withdraw his guilty pleas and be given an opportunity to plead anew.

ERICKSTAD, C.J., and LEVINE, VAN DE WALLE and GIERKE, JJ., concur.