**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Bradley Edward GUNWALL, Defendant and Appellant.**

**Cr. No. 940043.**

Supreme Court of North Dakota.

Oct. 3, 1994.

acy arising from the discharge of a .22 caliber rifle within the city of Mandan. In September of 1992, Mr. Gunwall and two accomplices were consuming alcohol while discussing his recent arrest for breaking into the motor vehicle of a mutual acquaintance. The three individuals then left the accomplice's residence in a vehicle driven by Gunwall. Later that night the three, apparently to exact revenge, fired one shot into the vehicle which was the subject of Mr. Gunwall's earlier arrest. The shot was fired by one of the accomplices from the car Gunwall was driving. Over the span of the evening the group was credited with firing a total of four shots, three hitting vehicles and one entering a house, narrowly missing the occupant. Gunwall's felony criminal conspiracy charge results from these events.

Mr. Gunwall eventually entered a guilty plea to the charge, and was sentenced to five years incarceration at the North Dakota State Penitentiary. He petitioned the trial court to allow him to withdraw his guilty plea, or alternatively to reduce his sentence. The trial court denied the requests, and it is this denial from which he now appeals.

Gunwall presents two arguments: first, the trial court's refusal to reduce his sentence amounts to an abuse of discretion, and second, the trial court abused its discretion in denying his motion to withdraw his guilty plea.

### I. Appealability of NDRCrimP 35(b) Denials

Gunwall moved for a reduction of his sentence under Rule 35, NDRCrimP. The first subsection of that rule deals with correction of an illegal sentence; the second subsection permits reduction of a sentence. We have said that reduction of a sentence under Rule 35(b) is not a right but an application for leniency, and is a matter left to the sound discretion of the trial court. *See, State v. Jefferson Park Books, Inc.,* 314 N.W.2d 73, 76 (N.D.1981) (concluding that a defendant's right to a reduction of sentence is not a "substantial right" as contemplated by NDCC section 29–28–06 which controls a defendant's right to appeal). Because a Rule 35(b) motion does not deal with a substantial

Wayne D. Goter (argued), Bismarck, for defendant and appellant.

Brian David Grosinger, Asst. State's Atty. (argued), Mandan, for plaintiff and appellee.

NEUMANN, Justice.

Bradley Gunwall appeals from a trial court's denial of his NDRCrimP 35(b) motion for leniency, and from the denial of his motion to withdraw his plea. We dismiss in part and affirm in part.

Bradley Gunwall was charged with committing the felony offense of criminal conspir-

right, denial of such a motion is not appealable.[1] *Id.*

█ Correction of an illegal sentence under Rule 35(a), on the other hand, does involve a substantial right, and an order denying a motion brought under Rule 35(a) is appealable by a criminal defendant. *State v. Nace,* 371 N.W.2d 129, 131 (N.D.1985).

█ At the trial court level Gunwall moved for reduction of his sentence under Rule 35(b). No mention was made by his counsel below,[2] in either brief or oral argument, that Gunwall's sentence may have been illegal, and no reference was made to Rule 35(a). It is only on appeal to this Court that Gunwall suggests for the first time that his sentence was based on an impermissible factor, and is therefore subject to correction under Rule 35(a). *See* NDRCrimP 35(a) and 35(b). Arguments raised for the first time on appeal will not be considered by this Court. *McNamara v. N.D. Dept. of Transp.,* 500 N.W.2d 585 (N.D.1993). Gunwall's motion below was a Rule 35(b) motion for reduction of sentence. Denial of a Rule 35(b) motion is not appealable. That portion of Gunwall's appeal is therefore dismissed.

## II. Denial of Motion to Withdraw Plea

Gunwall argues that the trial court abused its discretion when it denied his request to withdraw his plea. He alleges that withdrawal of his plea is necessary because he was not advised of his rights at his change of plea hearing, and because he was confused about the charge to which he was pleading. He claims his confusion resulted from the trial court's failure to properly inform him of the charge against him at his change of plea hearing.

█ Gunwall asks that he be allowed to withdraw his guilty plea as provided by NDRCrimP 32(d). Rule 32(d) provides for withdrawal of a plea if that withdrawal "is necessary to correct a manifest injustice."

NDRCrimP 32(d)(1). A manifest injustice includes procedural errors by the sentencing court. *See, e.g., State v. Boushee,* 459 N.W.2d 552, 556 (N.D.1990) (allowing withdrawal of a guilty plea when the sentencing court failed to comply with NDRCrimP 11(b)(2)). Gunwall alleges that the trial court failed to substantially comply with NDRCrimP 11; therefore, withdrawal of his guilty plea is required in order to correct a manifest injustice. *Boushee,* 459 N.W.2d at 556. "[D]etermination of manifest injustice is ordinarily within the trial court's discretion, and will be reversed on appeal only for an abuse of discretion." *Id.* (citing *State v. Werre,* 453 N.W.2d 826 (N.D.1990)).

█ Gunwall argues that the trial court erred when it failed to affirmatively determine at his change of plea hearing that he specifically recalled and intended to waive each of the rights listed in Rule 11(b). A trial court is not required to readvise a defendant of each of his rights at a change of plea hearing, provided the court determines that the defendant was properly advised at arraignment, and that the defendant now recalls that advice. It is sufficient to satisfy due process if the defendant's knowledge of his rights is clearly reflected from the whole record. *State v. Hagemann,* 326 N.W.2d 861, 866 (N.D.1982); *State v. Storbakken,* 246 N.W.2d 78, 84 (N.D.1976). The trial court in this case at the change of plea hearing specifically reminded Gunwall of his arraignment, and that he had been informed of his rights at that time. The court then asked Gunwall if he recollected and remembered that explanation of his rights, and Mr. Gunwall said that he did. Gunwall's knowledge of his rights is clearly reflected by the record in this case.

"The purpose of the procedure outlined in Rule 11(b) is to ensure that the defendant is fully aware of the consequences of a guilty plea before he enters his plea." *State v. Schumacher,* 452 N.W.2d 345, 346 (N.D. 1990). Gunwall contends that he was not

---

1. However, this Court has found that in the event a reduction is granted to a defendant following a Rule 35(b) application, the State may appeal. *Jefferson Park Books, Inc.* 314 N.W.2d at 76. The subsequent reduction of a sentence previously imposed by a court affects a substantial right of the state. NDCC section 29–28–07(4); *State v. Rueb,* 249 N.W.2d 506, 508 (N.D.1976).

2. Gunwall's counsel on appeal is not the same as his counsel at the trial court level.

aware of the exact nature of the charges he was facing; however, in the transcript of the arraignment he was informed by the court as follows:

> [T]he information charges that on or about the 3rd of September of 1992, in the City of Mandan, you committed the offense of criminal conspiracy in that you did then and there agree with one or more persons to engage in or cause conduct which, in fact, constituted an offense or offenses, and any one or more of such persons did an overt act to effect an objective of the conspiracy.
>
> More specifically, you and two other individuals conspired to commit the crimes of criminal mischief and reckless endangerment. This was followed by overt acts of firing a firearm into three automobiles and one private residence. The shot into a private residence narrowly missed a human being. This charge is a Class C Felony charge and carries with it a maximum possible penalty of five years at the penitentiary and a fine of $5,000.

After reviewing the record, we find no ambiguity which would lead to Gunwall's confusion. He was informed that he could receive a maximum penalty of five years and a fine of $5,000. Gunwall may have been surprised by his five-year sentence; however, he was properly informed and should, therefore, have been "fully aware of the consequences" of his guilty plea. *Schumacher*, 452 N.W.2d at 346.

Gunwall's contention that his guilty plea to criminal conspiracy was based only upon his criminal mischief and not upon his alleged reckless endangerment is further countered by testimony contained in the transcript from sentencing. The first witness called was Diane L. Burns, resident of the house, who was narrowly missed by a bullet fired from the vehicle driven by Gunwall. Neither Gunwall nor his attorney questioned or challenged her appearance and testimony.

There is no evidence in the record that Gunwall was, or should have been, confused about the charge against him or about the consequences of his guilty plea. Absent such evidence of confusion we cannot say the trial court abused its discretion when it denied Gunwall's motion to withdraw his guilty plea.

We affirm the trial court's denial of the motion for withdrawal of Gunwall's plea.

VANDEWALLE, C.J., and LEVINE, MESCHKE and SANDSTROM, JJ., concur.