2009 ND 165

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Preston Taylor VANDEHOVEN, Defendant and Appellant.**

No. 20080308.

Supreme Court of North Dakota.

Sept. 16, 2009.

Travis Scott Peterson (on brief), State's Attorney, New Rockford, N.D., for plaintiff and appellee.

Faron Eugene Terry, Minot, N.D., for defendant and appellant.

MARING, Justice.

[¶ 1]   Preston Vandehoven appeals from a criminal judgment entered upon a plea of guilty to operating or being in actual physical control of a motor vehicle while under the influence of alcohol.   We reverse the judgment and remand to allow Vandehoven to withdraw his guilty plea, concluding the district court committed obvious error when it participated in plea negotiations in violation of N.D.R.Crim.P. 11(c)(1) and failed to fully advise Vandehoven in accordance with N.D.R.Crim.P. 11(b) before accepting the guilty plea.

I

[¶ 2]   Vandehoven was charged with operating or being in actual physical control of a motor vehicle while under the influence of alcohol, a third offense within a five-year period.   At an April 23, 2008, pretrial conference, the district court was advised that the parties had not reached a plea agreement.   The court, counsel, and Vandehoven then discussed at length a potential plea agreement to resolve the matter.   Vandehoven's counsel suggested Vandehoven would be willing to plead guilty if the mandatory minimum jail sentence were imposed, but with a delayed start date of October 1, 2008, so he could continue his seasonal employment on a grain farm until the fall harvest was concluded.   On April 23, 2008, Vandehoven ultimately entered a plea of guilty with the understanding that he would be sentenced to sixty days imprisonment, but that he would not have to begin serving the jail sentence until October 1, 2008.   The court accepted the guilty plea and stated, "we'll finalize sentencing on October 1st and impose sixty days jail, to start at noon October 1st."   The court also imposed a $1,000 fine, ordered an addiction evaluation, and indicated that Vandehoven would be placed on probation for two years.

[¶ 3]   No judgment of conviction was entered at that time.   Shortly after the April 23, 2008, hearing, Vandehoven's employer contacted the court and asked if the beginning of Vandehoven's jail term could be delayed until November 1, to ensure he would be available to work through the completion of the fall grain harvest.   With the consent of the State, the start date of Vandehoven's jail term was moved to November 1, 2008.

[¶ 4]   Vandehoven hired new counsel who, on October 23, 2008, filed a motion for a continuance of sentencing or to withdraw the guilty plea.   The court issued a letter order informing counsel that Vandehoven had already been sentenced, so there was no sentencing hearing to continue.   The court did, however, schedule a hearing for October 29, 2008, on Vandeho-

ven's motion to withdraw his guilty plea. Following that hearing, the court denied Vandehoven's motion to withdraw his guilty plea. Judgment of conviction was entered on November 17, 2008, and Vandehoven appealed.

## II

[¶ 5] Vandehoven contends he did not enter his guilty plea knowingly and voluntarily because the district court improperly participated in plea negotiations in violation of N.D.R.Crim.P. 11(c)(1) and did not fully advise him of the consequences of his plea in accordance with N.D.R.Crim.P. 11(b).

### A

[¶ 6] *Our resolution of these issues is significantly complicated by the complex and unusual procedural posture of this case.*

[¶ 7] Vandehoven did not raise these issues in his October 23, 2008, motion to withdraw his guilty plea. On appeal, Vandehoven contends his new attorney did not become involved in the case until shortly before the motion to withdraw the guilty plea was made, and no transcript of the April 23, 2008, pretrial conference was available at that time. Thus, he contends, his counsel did not discover the district court's participation in plea negotiations and failure to properly advise Vandehoven about the consequences of his plea until after the judgment was entered and the appeal was being prepared.

[¶ 8] When a party in a criminal case fails to raise an issue in the district court, our review on appeal is limited to determining whether there has been obvious error. N.D.R.Crim.P. 52(b); *State v. Henes*, 2009 ND 42, ¶ 7, 763 N.W.2d 502; *State v. Keener*, 2008 ND 156, ¶ 16, 755 N.W.2d 462. To establish obvious error, a defendant must demonstrate (1) error, (2) that is plain, and (3) that affects substantial rights. *State v. Myers*, 2009 ND 141, ¶ 10, 770 N.W.2d 713; *Henes*, at ¶ 8. An alleged error must be a clear deviation from an applicable legal rule under current law to constitute obvious error. *State v. Blurton*, 2009 ND 144, ¶ 8, 770 N.W.2d 231; *Keener*, at ¶ 16.

[¶ 9] Further complicating our review of this case is the fact that the parties dispute whether Vandehoven had been sentenced before he moved to withdraw his guilty plea, which directly affects the standard to be applied when determining whether to allow withdrawal of the plea. We summarized the differing standards in *Blurton*, 2009 ND 144, ¶ 7, 770 N.W.2d 231 (citations omitted):

> "Under N.D.R.Crim.P. 32(d), the standard for a district court's consideration of a defendant's request to withdraw a guilty plea differs depending on when the motion to withdraw is made." *State v. Lium*, 2008 ND 33, ¶ 17, 744 N.W.2d 775. Before the court accepts the guilty plea, the defendant may withdraw the plea at any time. After a plea has been accepted but before sentencing, the defendant may withdraw a guilty plea if it is necessary to correct a manifest injustice or, at the court's discretion, for any "fair and just" reason unless the prosecution has been prejudiced by relying on the plea. After a court accepts a guilty plea and imposes a sentence, the defendant cannot withdraw the plea unless the motion is timely and withdrawal is necessary to correct a manifest injustice.

[¶ 10] Vandehoven contends that he was not formally sentenced at the April 23, 2008, hearing and the district court should have considered his motion to withdraw his plea under the "fair and just reason" standard. The State contends Vandehoven had been sentenced at the hearing, before

he moved to withdraw his plea, and therefore the plea could only be withdrawn to correct a manifest injustice. The district court ruled that Vandehoven had been sentenced at the April 23, 2008, hearing and applied the manifest injustice standard when it denied Vandehoven's motion to withdraw his plea.

[¶ 11] The district court had accepted Vandehoven's guilty plea and, as between the standards for withdrawing an accepted plea, we find it unnecessary to determine which standard applies because we ultimately conclude that the district court failed to comply with N.D.R.Crim.P. 11(b) and (c) in accepting the plea and that allowing withdrawal of the plea is necessary to correct a manifest injustice. We therefore will assume, without deciding, that the more stringent manifest injustice standard applies in this case.

B

[¶ 12] Vandehoven contends the district court improperly participated in plea negotiations.

[¶ 13] The district court was advised at the beginning of the April 2008 pretrial conference that the parties had not reached a plea agreement. Vandehoven's counsel suggested that Vandehoven might agree to plead guilty if he could delay commencement of his jail sentence until October 1, 2008, and in the interim undergo an addiction evaluation to see if he was a candidate "for some type of in-hospital treatment." *See* N.D.C.C. § 39–08–01(4)(g) (if an addiction evaluation indicates a need for treatment, the court may order placement for treatment with time spent in treatment credited against any sentence of imprisonment). What followed were lengthy negotiations between the court, Vandehoven, and defense counsel, with little input or participation from the State's Attorney. The court essentially immersed itself in the plea agreement negotiations and "brokered" the deal. In discussing the proposed terms of the agreement, the court used language such as "I don't necessarily have a problem having sentencing later if the state doesn't," "the sentence be imposed that we agree on today," and "[y]ou've got to stay clean if I'm going to do this for you, to let you work." Ultimately, Vandehoven agreed to plead guilty.

[¶ 14] Rule 11(c)(1), N.D.R.Crim.P., explicitly prohibits the district court from participating in plea negotiations:

The prosecuting attorney and the defendant's attorney, or the defendant when acting pro se, may discuss and reach a plea agreement. The court must not participate in these discussions.

The Explanatory Note to N.D.R.Crim.P. 11 clarifies:

The court is not permitted to participate in plea discussions because of the possibility that the defendant would believe that the defendant would not receive a fair trial, if no agreement had been reached or the court rejected the agreement, and a subsequent trial ensued before the same judge.

[¶ 15] We addressed the parameters and underlying rationale of the rule's prohibition on judicial participation in plea discussions in *State v. Dimmitt*, 2003 ND 111, ¶¶ 9–10, 665 N.W.2d 692 (footnote omitted):

Rule 11(d)(1), N.D.R.Crim.P. [now N.D.R.Crim.P. 11(c)(1)], provides, "the court shall not participate" in plea agreement discussions. On this point, the federal rule is substantively identical to our rule and prohibits the court from participating in any plea discussions. Fed.R.Crim.P. 11(c)(1). The Ninth Circuit Court of Appeals in *United States v. Bruce*, 976 F.2d 552, 556–58 [(9th Cir.

1992)] (citations omitted), explains the purpose of the rule prohibiting a judge from participating in plea discussions:

> Rule 11(e)(1) [later renumbered 11(c)(1)] simply commands that the judge not participate in, and remove him or herself from, any discussion of a plea agreement that has not yet been agreed to by the parties in open court.

The "bright-line rule" created by Fed.R.Crim.P. 11(e)(1) bars a judge from participating in plea bargaining for three main reasons. First, such participation is prohibited because judicial involvement in plea negotiations inevitably carries with it the high and unacceptable risk of coercing a defendant to accept the proposed agreement and plead guilty.

. . . .

Second, Rule 11 protects the integrity of the judicial process. "The Rule is based on the sound principle that the interests of justice are best served if the judge remains aloof from all discussions preliminary to the determination of guilt or innocence so that his impartiality and objectivity shall not be open to any questions or suspicion when it becomes his duty to impose sentence."

. . . .

Finally, Rule 11 bars judicial participation in plea discussions in order to preserve the judge's impartiality *after* the negotiations are completed. Judicial involvement detracts from a judge's objectivity in three ways. First, "[s]uch involvement makes it difficult for a judge to objectively assess the voluntariness of the plea" eventually entered by the defendant. . . . Next, judicial participation in plea discussions that ultimately fail inherently risks the loss of a judge's

impartiality during trial, not only because he becomes aware of the defendant's possible interest in pleading guilty, but also because he may view unfavorably the defendant's rejection of the proposed agreement. . . . Further, involvement in plea negotiations diminishes the judge's objectivity in post-trial matters such as sentencing and motions for a judgment of acquittal.

This case demonstrates the confusion and uncertainty of the voluntariness of a guilty plea which can arise when the trial court violates the strict prohibition under N.D.R.Crim.P. 11(d)(1) from participating in the negotiation process. Unless and until the rule is changed, our courts may not do what was done in this case.

■ [¶ 16] The prohibition in Rule 11(c)(1), however, applies only to negotiations before an agreement is reached, and does not extend to discussions regarding a plea agreement which has already been negotiated and agreed to by the parties:

> Mere discussion regarding the terms of a plea agreement is not synonymous with negotiation. To hold differently would conflict with a judge's duty under Rule 11 to ascertain whether an agreement is in existence. The extent of the sentencing judge's exchanges with Trieb, Trieb's counsel, and the State was limited to determining whether an agreement actually existed. Therefore, the district court did not err in finding that "[n]one of the terms or conditions of the plea agreement were suggested by the Court, nor did the sentencing Court engage in any negotiations."

*State v. Trieb*, 516 N.W.2d 287, 291 (N.D. 1994).

[¶ 17] Once the court determines that no plea agreement has been reached by

the parties, however, N.D.R.Crim.P. 11(c)(1) creates a "bright-line rule" which commands "that the judge not participate in, and remove him or herself from, any discussion of a plea agreement." *Dimmitt*, 2003 ND 111, ¶ 9, 665 N.W.2d 692 (quoting *United States v. Bruce*, 976 F.2d 552, 556 (9th Cir.1992)). In this case, the court's participation went well beyond determining whether an agreement had been reached. The court expressly engaged in what can only be characterized as negotiations, injecting its own views on certain terms and conditions and, for all intents and purposes, "brokering" the agreement between the parties.

[¶ 18] The record establishes that the district court violated N.D.R.Crim.P. 11(c)(1) when it actively participated in plea negotiations leading to Vandehoven's guilty plea. We further conclude that the error rises to the level of obvious error under N.D.R.Crim.P. 52(b). Rule 11 and our admonishments in *Dimmitt* established clear legal guidelines, and the record in this case demonstrates a clear deviation from an applicable legal rule under current law. *See Blurton*, 2009 ND 144, ¶ 8, 770 N.W.2d 231; *Keener*, 2008 ND 156, ¶ 16, 755 N.W.2d 462.

[¶ 19] We conclude that the district court improperly participated in plea discussions in violation of N.D.R.Crim.P. 11(c)(1), and that the error constitutes obvious error under N.D.R.Crim.P. 52(b).

C

[¶ 20] Vandehoven contends that the district court did not fully advise him of the consequences of his plea in accordance with N.D.R.Crim.P. 11(b).

[¶ 21] A guilty plea must be entered knowingly, intelligently, and voluntarily. *Blurton*, 2009 ND 144, ¶ 10, 770 N.W.2d 231; *State v. Bates*, 2007 ND 15,

¶ 13, 726 N.W.2d 595. Rule 11, N.D.R.Crim.P., provides an analytical framework for assessing whether a guilty plea has been entered voluntarily and knowingly. *Blurton*, at ¶ 10; *Bates*, at ¶ 15. Under N.D.R.Crim.P. 11(b)(1), the district court is required to personally address the defendant and advise him of certain rights:

The court may not accept a plea of guilty without first, by addressing the defendant personally [except as provided in Rule 43(b)] in open court, informing the defendant of and determining that the defendant understands the following:

(A) the right to plead not guilty, or having already so pleaded, to persist in that plea;

(B) the right to a jury trial;

(C) the right to be represented by counsel at trial and at every other stage of the proceeding and, if necessary, the right to have the counsel provided under Rule 44;

(D) the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses;

(E) the defendant's waiver of these trial rights if the court accepts a plea of guilty;

(F) the nature of each charge to which the defendant is pleading;

(G) any maximum possible penalty, including imprisonment, fine, and mandatory fee;

(H) any mandatory minimum penalty; and

(I) the court's authority to order restitution.

[¶ 22] We have summarized the nature of the district court's duty under N.D.R.Crim.P. 11:

Before accepting a guilty plea, the trial court must advise the defendant of certain rights under N.D.R.Crim.P. 11. The advice required to be given by Rule 11 is mandatory and binding on the court. Although Rule 11 does not require any ritualistic, predetermined formality by the trial court, the court must substantially comply with the procedural requirements of the rule to ensure the defendant is entering a voluntary plea of guilty.

*State v. Farrell,* 2000 ND 26, ¶ 9, 606 N.W.2d 524 (citations omitted); *see also Blurton,* 2009 ND 144, ¶ 10, 770 N.W.2d 231; *State v. Feist,* 2006 ND 21, ¶ 24, 708 N.W.2d 870.

[¶ 23] The record in this case demonstrates that the district court failed to fully advise Vandehoven of his rights and the consequences of his plea as required by N.D.R.Crim.P. 11(b)(1). After effectively negotiating a plea agreement between the parties, the district court provided a cursory and incomplete advisory to Vandehoven.

[¶ 24] Perhaps because of the court's involvement in the plea negotiations, the court's advisory to Vandehoven fell far short of "substantial compliance" with the dictates of N.D.R.Crim.P. 11(b)(1). The purpose of Rule 11(b)(1) is to ensure the defendant understands the numerous constitutional rights which are waived by entry of a guilty plea, to ensure a knowing and intelligent waiver of the right to counsel, and to ensure the defendant understands the maximum possible punishment and any applicable mandatory minimum punishment so he can make a knowing and intelligent decision whether to plead guilty. *See* N.D.R.Crim.P. 11, Explanatory Note. In short, "[t]he purpose of the procedure outlined in Rule 11(b) is to ensure that the defendant is fully aware of the consequences of a guilty plea before he enters his plea." *Froistad v. State,*

2002 ND 52, ¶ 25, 641 N.W.2d 86 (quoting *State v. Boushee,* 459 N.W.2d 552, 555 (N.D.1990)); *see also Blurton,* 2009 ND 144, ¶ 11, 770 N.W.2d 231.

[¶ 25] In this case, the district court failed to address Vandehoven's constitutional rights to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses. The court made no attempt to advise Vandehoven of the maximum possible penalty for the class A misdemeanor offense with which he was charged. *See State v. Hendrick,* 543 N.W.2d 217, 221 (N.D.1996) (although N.D.R.Crim.P. 11(b) was not applicable because the guilty plea had occurred before the effective date of the rule, the Court noted that, if the rule had applied, the interests of justice would require that the defendant be allowed to withdraw his plea of guilty when the district court failed to advise him of the maximum possible punishment). Although the court advised Vandehoven he could "[h]ire Mr. Mackenzie" or "have an attorney represent" him if the case went to trial, the court did not advise Vandehoven of his right to appointed counsel if he could not afford to pay for counsel. *See* N.D.R.Crim.P. 11(b)(1)(C) and 44(a)(2).

[¶ 26] Although there was some discussion during the in-court plea negotiations of sentencing Vandehoven to the mandatory minimum of sixty days imprisonment, the court did not expressly advise Vandehoven of the mandatory minimum sentence for a third offense of driving under the influence within five years. Section 39–08–01(4)(c), N.D.C.C., specifies the mandatory minimum sentence applicable to Vandehoven:

For a third offense within five years, the sentence must include at least sixty days' imprisonment or placement in a

minimum security facility, of which forty-eight hours must be served consecutively; a fine of one thousand dollars; and an order for addiction evaluation by an appropriate licensed addiction treatment program.

Prior to accepting the plea, the court did not advise Vandehoven that there was a $1,000 minimum fine, although the court did mention it after accepting the plea. This court has cautioned, however, that discussions of the mandatory minimum sentence after the plea has been accepted do not cure the failure to comply with N.D.R.Crim.P. 11. *See State v. Schweitzer*, 510 N.W.2d 612, 615 (N.D.1994); *State v. Schumacher*, 452 N.W.2d 345, 346 (N.D. 1990). The court also did not advise Vandehoven that an addiction evaluation was a required element of the mandatory minimum punishment, although at the end of the hearing the court cryptically noted, "the evaluation you can do any time if you want and file it with us," and indicated it should be completed by August 1, 2008. The court never explained that forty-eight hours of the jail sentence must be served consecutively. Finally, although there were casual references during the plea discussions about a mandatory minimum punishment of sixty days imprisonment, the court never directly addressed Vandehoven to explain the elements of the mandatory minimum sentence applicable in this case. When the district court does not properly advise the defendant of the mandatory minimum sentence, the interests of justice require the defendant be allowed to withdraw his guilty plea. *State v. Magnuson*, 1997 ND 228, ¶ 18, 571 N.W.2d 642; *Schweitzer*, 510 N.W.2d at 616; *Boushee*, 459 N.W.2d at 556; *Schumacher*, 452 N.W.2d at 348.

[¶ 27] The record amply demonstrates a failure to substantially comply with the requirements of N.D.R.Crim.P. 11(b). The court failed to address several of the Rule 11(b) requirements with Vandehoven, and some which were addressed were not fully and properly explained. Substantial compliance requires more than occurred in this case.

[¶ 28] We further conclude that the error in this case rises to the level of obvious error under N.D.R.Crim.P. 52(b). Rule 11 and our interpretive caselaw have enunciated clear legal guidelines for acceptance of a guilty plea. The record in this case demonstrates a clear deviation from an applicable legal rule under current law. *See Blurton*, 2009 ND 144, ¶ 8, 770 N.W.2d 231; *Keener*, 2008 ND 156, ¶ 16, 755 N.W.2d 462.

[¶ 29] We conclude that the district court failed to properly advise the defendant before accepting his guilty plea as required by N.D.R.Crim.P. 11(b), and that the error constitutes obvious error under N.D.R.Crim.P. 52(b).

### D

[¶ 30] As previously noted, we will assume, without deciding, that the manifest injustice standard applies in resolving Vandehoven's motion to withdraw his guilty plea. Considering the court's broad failure to comply with N.D.R.Crim.P. 11(b) and (c), we conclude that withdrawal of Vandehoven's guilty plea is necessary to correct a manifest injustice.

### III

[¶ 31] In light of our resolution of the Rule 11 issues, we must consider whether it is appropriate to direct that a different judge be assigned to the case upon remand. *See Dimmitt*, 2003 ND 111, ¶ 15, 665 N.W.2d 692. The Explanatory Note to N.D.R.Crim.P. 11 indicates that one purpose underlying the prohibition of court participation in plea discussions is to

prevent the perception of bias if no agreement is reached or the court rejects the agreement, "and a subsequent trial ensued before the same judge." This language suggests that a change of judge may be necessary to avoid the appearance of bias. In *Dimmitt*, at ¶ 15, we concluded:

> The purpose of Rule 11 is not only to protect judicial neutrality but also to eliminate the coercive effect of judicial participation on plea bargaining. The Sixth Circuit Court of Appeals in *United States v. Barrett*, 982 F.2d 193, 196 (6th Cir.1992) (citation omitted), explains:
>
> > "Regardless of the judge's objectivity, it is the defendant's perception of the judge that will determine whether the defendant will feel coerced to enter a plea." Even if the District Judge can put aside knowledge about the defendant and provide a fair hearing, the judge cannot remove the doubt from the defendant's mind caused by his statements in this case. To cure this improper judicial participation in the plea bargaining process, then, the case must be assigned to another judge.

Even if the sentencing judge could remain impartial and act with objectivity in this case, the larger issue is whether the defendant's perception of the judge is such that he will feel coerced to enter a particular plea. Under these circumstances, to cure an improper judicial participation in the plea bargaining process, it is appropriate to assign the case to another judge.

[¶ 32] A district court's improper participation in plea negotiations may lead to a perception of bias if the case ultimately goes to trial before the same judge. *See Dimmitt*, 2003 ND 111, ¶ 9, 665 N.W.2d 692; N.D.R.Crim.P. 11, Explanatory Note. Under the circumstances presented in this case, we conclude it is appropriate to assign the case to a different judge upon remand.

IV

[¶ 33] We have considered the remaining issues and arguments raised by the parties and find them to be unnecessary to our decision or without merit. We reverse the judgment of conviction and remand to allow Vandehoven to withdraw his guilty plea, with instructions that the presiding judge assign a judge other than the original sentencing judge to conduct further proceedings.

[¶ 34] GERALD W. VANDE WALLE, C.J., and DANIEL J. CROTHERS, J., concur.

KAPSNER, Justice, concurring in the result.

[¶ 35] I concur in the result reached by the majority opinion for the reasons articulated in parts II B and III of that opinion.

[¶ 36] DALE V. SANDSTROM, J., concurs.