# IN THE SUPREME COURT STATE OF NORTH DAKOTA

## 2019 ND 259

State of North Dakota,                                    Plaintiff and Appellee

     v.

Glen Everett Baltrusch,                              Defendant and Appellant

## No. 20190083

Appeal from the District Court of Wells County, Southeast Judicial District, the Honorable James D. Hovey, Judge.

AFFIRMED.

Opinion of the Court by Tufte, Justice.

Kathleen K. Murray, State's Attorney, Fessenden, N.D., for plaintiff and appellee.

Kiara C. Kraus-Parr, Grand Forks, N.D., for defendant and appellant.

**Tufte, Justice.**

[¶1]   Glen Baltrusch appeals from a criminal judgment entered after a jury found him guilty of four counts of disobedience of a judicial order. Because the evidence is sufficient to sustain the verdicts and the district court did not commit obvious error in failing to dismiss counts two through four on double jeopardy grounds, we affirm.

I

[¶2]   Gary, Milo, and Glen Baltrusch are sons of Delores Baltrusch. Gary Baltrusch is the trustee of the Delores Baltrusch Irrevocable Trust. The Trust owns a house in the City of Harvey. Delores Baltrusch has been allowed to reside in the home as long as she is able. Glen Baltrusch also resided in the home with Delores Baltrusch. Gary and Milo Baltrusch were concerned that Glen Baltrusch was taking advantage of their elderly mother, and in July 2017 they asked him to vacate the property. He refused to do so. In response to Glen Baltrusch's refusal to leave the property, Gary Baltrusch, as trustee, brought an action under N.D.C.C. ch. 47-32 to evict Glen Baltrusch from the premises. On October 13, 2017, a final judgment was entered ordering Glen Baltrusch to vacate the property no later than October 20, 2017. On April 11, 2018, a special writ of execution was issued ordering the sheriff to remove Glen Baltrusch from the property. A sheriff's return of service indicates the special writ of execution was served on April 11, 2018, and the sheriff testified that Glen Baltrusch left the premises with the sheriff when the writ was served.

[¶3]   Sheriff Kluth, Milo Baltrusch, and Gary Baltrusch testified that they observed Glen Baltrusch at the residence beginning on April 13, 2018, under circumstances that they believed showed he was again living there. The State then charged him with 24 counts of disobedience of a judicial order in violation of N.D.C.C. § 12.1-10-05. The 24 counts were later consolidated into four counts. Each count charged a violation of the October 13, 2017, eviction judgment on various dates. A jury convicted him on all four counts, and he was given a suspended sentence on each count of 30 days in jail, 360 days of

unsupervised probation, and a restriction on the possession of firearms. The sentences were ordered to run concurrently.

## II

[¶4] Glen Baltrusch argues the evidence was insufficient to support the convictions.

[¶5] Our standard for reviewing claims of insufficient evidence to support convictions is well established:

> A defendant bears the burden of showing the evidence, when viewed in the light most favorable to the verdict, reveals no reasonable inference of guilt. On appeal, this Court merely reviews the record to determine if there is competent evidence that allowed the jury to draw an inference reasonably tending to prove guilt and fairly warranting a conviction. A conviction rests upon insufficient evidence only when no rational factfinder could have found the defendant guilty beyond a reasonable doubt after viewing the evidence in a light most favorable to the prosecution and giving the prosecution the benefit of all inferences reasonably to be drawn in its favor.

*State v. Lyons*, 2019 ND 175, ¶ 9, 930 N.W.2d 156 (quoting *State v. Igou*, 2005 ND 16, ¶ 5, 691 N.W.2d 213).

## A

[¶6] Glen Baltrusch did not assert in the district court or in this Court that he could not be found guilty of disobeying the October 13, 2017, eviction judgment because that judgment had been satisfied by the special writ of execution served on April 11, 2018, as evidenced by the sheriff's return of service. *See Monster Heavy Haulers, LLC v. Goliath Energy Servs., LLC*, 2016 ND 176, ¶ 15, 883 N.W.2d 917 (stating N.D.C.C. § 11-15-16 creates only a rebuttable presumption that a sheriff's return of service was made). Glen Baltrusch did not object to the jury instructions' definition of the crime charged or to the essential element of the offense that he "willfully disobeyed or resisted a final order of a court of this state." *State v. Friesz*, 2017 ND 177, ¶ 37, 898 N.W.2d 688. Because Glen Baltrusch did not raise this issue, we adhere to our

caveat in *Hildenbrand v. Capital RV Ctr., Inc.*, 2011 ND 37, ¶ 14, 794 N.W.2d 733:

> "The 'law of the case' doctrine and the scope of the parties' appeal define the parameters of our review." *Hopfauf v. Hieb*, 2006 ND 72, ¶ 11 n.2, 712 N.W.2d 333 (quoting *Tom Beuchler Constr. v. Williston*, 413 N.W.2d 336, 339 (N.D. 1987)). Our discussion of the issues raised should not be interpreted as an approval of the legal posture of this case.

We assume for purposes of this opinion that a judgment of eviction remains a final order that is violated by the evicted party's presence on the subject property after the sheriff has removed the evicted party and restored possession of the premises to the person entitled to possession.

B

[¶7] Section 12.1-10-05(1), N.D.C.C., provides that a "person is guilty of a class A misdemeanor if the person disobeys or resists a lawful temporary restraining order or preliminary or final injunction or other final order . . . ." Count 1 charged Glen Baltrusch with violating the eviction judgment on April 13, 2018; count 2 alleged a violation occurring on April 25 to 28, 2018; count 3 alleged a violation occurring on May 6 to 18, 2018; and count 4 alleged a violation occurring on May 20 to 25, 2018.

[¶8] The State presented the testimony of the sheriff, a Harvey police officer, and Gary and Milo Baltrusch. The State also presented a body camera video and photos from a trail camera that had been placed on the property. The sheriff testified that when he visited the home on April 13, 2018, he believed Glen Baltrusch had returned to live in the home because he was not wearing a shirt while sitting inside reading. Gary and Milo Baltrusch testified they personally observed Glen Baltrusch staying overnight at the home during the relevant time periods. Photographic evidence depicted Glen Baltrusch coming from and going to the home at various times and appearing in his underwear. Glen Baltrusch's witness, Delores Baltrusch, also testified, "I knew that he was supposed to be evicted, but I invited him back because I did not want to be there alone."

3

[¶9] Relying on property law principles, Glen Baltrusch argues the October 13, 2017, eviction judgment is not a lawful judicial order, because Delores Baltrusch, as the actual tenant, was the only person who could lawfully be evicted. However, this argument was not made in the district court. "[T]hat issue was not addressed in the district court, and we will not address issues raised for the first time on appeal." *State v. Rende*, 2018 ND 56, ¶ 14, 907 N.W.2d 361. Glen Baltrusch does not claim this is obvious error under N.D.R.Crim.P. 52(b).

[¶10] Viewing the evidence in the light most favorable to the prosecution, we conclude the evidence was sufficient to support the jury's guilty verdicts.

III

[¶11] Glen Baltrusch argues the district court committed obvious error by failing to dismiss counts 2, 3, and 4 because the State's use of multiple counts violated his double jeopardy right to be free from multiple punishments for the same offense.

[¶12] In *State v. Hoehn*, 2019 ND 222, ¶ 20, 932 N.W.2d 553, we explained:

> "Issues not raised in the district court will not be addressed for the first time on appeal, unless the alleged error rises to the level of obvious error affecting substantial rights under N.D.R.Crim.P. 52(b)." *[State v.] Murphy*, 2014 ND 202, ¶ 6, 855 N.W.2d 647; *State v. Fickert*, 2010 ND 61, ¶ 7, 780 N.W.2d 670; *State v. Vandehoven*, 2009 ND 165, ¶ 8, 772 N.W.2d 603. "Under N.D.R.Crim.P. 52, any 'error, defect, irregularity or variance that does not affect substantial rights must be disregarded.'" *Murphy*, at ¶ 6 (quoting N.D.R.Crim.P. 52(a)). "To establish obvious error, a defendant must show (1) error, (2) that is plain, and (3) that affects substantial rights." *[State v.] Blurton*, 2009 ND 144, ¶ 8, 770 N.W.2d 231. We exercise "[o]ur power to notice obvious error . . . cautiously and only in exceptional situations where the defendant has suffered serious injustice." *Fickert*, at ¶ 7.

[¶13] We have recognized that the double jeopardy clause protects against multiple punishments for the same offense. *See, e.g.*, *Peterka v. State*, 2015 ND 156, ¶ 9, 864 N.W.2d 745; *State v. Palmer*, 2002 ND 5, ¶ 2 n.1, 638 N.W.2d 18.

In *State v. Desjarlais*, 2008 ND 13, ¶¶ 5, 8, 744 N.W.2d 529, the defendant argued for the first time on appeal that three counts of reckless endangerment were part of a continuous course of conduct and should have been merged into one count resulting in a sentence for one offense. We said:

> Neither Desjarlais nor the State has been able to call our attention to a North Dakota statute or caselaw clearly establishing the law on when multiple counts are or are not appropriate in cases such as this. There is no obvious error when a rule of law is not clearly established. *State v. Weaver*, 2002 ND 4, ¶ 17, 638 N.W.2d 30 ("An alleged error does not constitute obvious error unless there is a clear deviation from an applicable legal rule under current law."). We conclude the district court did not commit obvious error affecting Desjarlais's substantial rights.

*Id.* at ¶ 10. Similarly, Glen Baltrusch has not drawn our attention to any clearly established law on the permissible limits of multiple counts in circumstances like his. Moreover, his substantial rights have not been affected because he received concurrent sentences on all four counts. *Cf. Palmer*, at ¶ 2 n.1 (declining to address double jeopardy or multiplicity issues where defendant was convicted of four counts of gross sexual imposition based on the parts of the victim's body touched during a single incident and received consecutive sentences).

[¶14] We conclude the district court did not commit obvious error in this case.

IV

[¶15] The criminal judgment is affirmed.

[¶16] Jerod E. Tufte
Daniel J. Crothers
Lisa Fair McEvers
Jon J. Jensen

I concur in the result.
Gerald W. VandeWalle, C.J.

5