FILED
IN THE OFFICE OF THE
CLERK OF SUPREME COURT
JULY 7, 2022
STATE OF NORTH DAKOTA

# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2023 ND 121

State of North Dakota,                                   Plaintiff and Appellee

    v.

Charles Deverek Brame,                            Defendant and Appellant

### No. 20230024

Appeal from the District Court of Richland County, Southeast Judicial District, the Honorable Bradley A. Cruff, Judge.

REMANDED.

Opinion of the Court by Jensen, Chief Justice.

Megan E. Kummer, State's Attorney, Wahpeton, ND, for plaintiff and appellee; submitted on brief.

Laura C. Ringsak, Bismarck, ND, for defendant and appellant; submitted on brief.

**Jensen, Chief Justice.**

[¶1]   Charles Brame appeals from a criminal judgment of conviction for two counts of sexual assault. Brame argues the district court failed to abide by Rule 11 of the North Dakota Rules of Criminal Procedure and was biased in sentencing him. We retain jurisdiction and remand to provide the State an opportunity to file any relevant transcripts which may show the district court substantially complied with Rule 11.

I

[¶2]   Brame was charged with two counts of sexual assault. At the pretrial conference, Brame pled guilty to both counts of sexual assault. The district court accepted Brame's guilty pleas finding the pleas were made voluntarily and knowingly. Brame was then sentenced according to the joint sentencing recommendation. Brame now appeals, arguing the court failed to abide by N.D.R.Crim.P. 11(b) and was biased in sentencing him.

[¶3]   On appeal, Brame provided a transcript limited to the hearing during which he changed his pleas to guilty. The State requested this Court grant additional time to file its brief to provide the State with an opportunity to produce transcripts from additional proceedings to establish, if necessary, substantial compliance with N.D.R.Crim.P. 11(b).

II

[¶4]   Brame argues the district court violated N.D.R.Crim.P. 11(b) by failing to inform him of the rights under Rule 11(b)(1). Rule 11(b)(1) is as follows:

> (1) The court may not accept a plea of guilty without first, by addressing the defendant personally [except as provided in Rule 43(b)] in open court, informing the defendant of and determining that the defendant understands the following:
>> (A) the right to plead not guilty, or having already so pleaded, to persist in that plea;
>> (B) the right to a jury trial;

(C) the right to be represented by counsel at trial and at every other stage of the proceeding and, if necessary, the right to have the counsel provided under Rule 44;

(D) the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses;

(E) the defendant's waiver of these trial rights if the court accepts a plea of guilty;

(F) the nature of each charge to which the defendant is pleading;

(G) any maximum possible penalty, including imprisonment, fine, and mandatory fee;

(H) any mandatory minimum penalty;

(I) the court's authority to order restitution; and

(J) that, if convicted, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

N.D.R.Crim.P. 11(b)(1). Rule 11 provisions are "mandatory and substantial compliance is required to ensure a defendant knowingly and voluntarily enters a guilty plea." *State v. Yost*, 2018 ND 157, ¶ 17, 914 N.W.2d 508. However, Rule 11 does not require any ritualistic, predetermined formality by the trial court. *State v. Farrell*, 2000 ND 26, ¶ 9, 606 N.W.2d 524.

[¶5]   Brame concedes he did not challenge in the district court the court's compliance with Rule 11 nor did he move to withdraw his guilty pleas. We do not address issues not raised in the district court, unless the alleged error arises to the level of obvious error affecting substantial rights under N.D.R.Crim.P. 52(b). *State v. Murphy*, 2014 ND 202, ¶ 6, 855 N.W.2d 647. "Under N.D.R.Crim.P. 52, any error, defect, irregularity or variance that does not affect substantial rights must be disregarded." *State v. Hoehn*, 2019 ND 222, ¶ 20, 932 N.W.2d 553 (cleaned up). To prove obvious error, a defendant must show (1) error, (2) that is plain, and (3) that affects substantial rights. *Id.* (quoting *State v. Blurton*, 2009 ND 144, ¶ 8, 770 N.W.2d 231).

[¶6]   On the record before us, Brame is able to demonstrate a potential error, because the district court did not strictly comply with Rule 11 at the pretrial conference when his pleas of guilty were accepted. Rule 11(b)(1) requires the court advise the defendant of their rights before the court may accept a guilty plea. Before accepting Brame's guilty pleas, the court confirmed Brame's guilty pleas were made "voluntary and knowing." The court failed to advise Brame of any of the rights under Rule 11(b)(1) before accepting the pleas. Failing to advise a defendant of the rights under Rule 11(b)(1) before accepting a guilty plea is potentially an error. *Hoehn*, 2019 ND 222, ¶ 22.

[¶7]   Next, Brame must show the error was plain. "A 'plain' error is a 'clear' or 'obvious' deviation from current law." *State v. Landrus*, 2022 ND 107, ¶ 10, 974 N.W.2d 676. Rule 11 requires the district court to personally advise the defendant of the Rule 11 requirements before accepting a guilty plea. N.D.R.Crim.P. 11(b)(1). The court failed to advise Brame of any of the rights provided under Rule 11 before accepting Brame's pleas of guilty. This is a clear deviation from the requirements of Rule 11 and constitutes plain error.

[¶8]   Finally, to establish obvious error, Brame must show the error, which was plain, affected his substantial rights. *Hoehn*, 2019 ND 222, ¶ 24. "If an error does not affect the defendant's substantial rights, then it must be disregarded." *Id*. (citing N.D.R.Crim.P. 52(a)). On the current record provided, Brame has shown his substantial rights were affected, because he was not properly informed of the requirements of Rule 11 before the district court accepted his pleas of guilty. *See State v. Vandehoven*, 2009 ND 165, ¶ 25, 772 N.W.2d 603 (reversed and remanded because the district court failed to address several of the requirements under N.D.R.Crim.P. 11(b)(2)).

[¶9]   Brame has provided this Court with a limited portion of the record. Specifically, he provided only the transcript of the hearing during which he changed his pleas to guilty, and no other transcripts from other proceedings in the case. We have previously determined that if the district court advised the defendant of the Rule 11 requirements at a hearing prior to the hearing during which a guilty plea is accepted, the court substantially complied with Rule 11 and therefore the defendant's substantial rights were not affected. *Hoehn*, 2019

3

ND 222, ¶ 25. The State requested, but was denied by this Court, additional time to produce transcripts of proceedings prior to the change of plea hearing which may establish substantial compliance with Rule 11.

[¶10] Brame's failure to raise the issue in the district court coupled with this Court's denial of the State's request to produce transcripts of the earlier proceedings has effectively denied the State an opportunity to demonstrate the court substantially complied with Rule 11. In order to prove substantial compliance, the State may show Brame was advised of the Rule 11 requirements at any previous hearing. We conclude it is necessary to provide the State an opportunity to demonstrate substantial compliance with N.D.R.Crim.P. 11(b).

## III

[¶11] Brame asserts the district court was biased in sentencing him. "A judge is presumed by law to be unbiased and not prejudiced." *State v. Vickerman*, 2022 ND 184, ¶ 23, 981 N.W.2d 881 (quoting *State v. Jacobson*, 2008 ND 73, ¶ 6, 747 N.W.2d 481). Brame provides no legal argument or factual support as to how the court was biased and thus has waived this issue. *See State v. Smith*, 2023 ND 82, ¶ 28, 989 N.W.2d 490 (when a party fails to provide supporting argument for an issue listed in the brief, the party is deemed to have waived that issue). We conclude his assertion of bias is without merit.

## IV

[¶12] The district court failed to comply with the requirements of N.D.R.Crim.P. 11 during the hearing when Brame changed his pleas to guilty. However, because we allow district courts to substantially comply with Rule 11 by advising a defendant of the Rule 11 requirements at a previous hearing, we retain jurisdiction under N.D.R.App.P. 35(a)(3)(B) and remand this case to provide the State with an opportunity to file transcripts of previous hearings to show substantial compliance with Rule 11.

[¶13] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr